THE PREFERRED ACCIDENT INSURANCE COMPANY OF NEW YORK, PLAINTIFF IN ERROR, VS. HENRY ROBINSON, DEFENDANT IN ERROR.

**ACCIDENT    INSURANCE—EXCEPTED    ACCIDENTS—INJURIES FROM POISON IVY.**

**Under** a policy of insurance against the effects of bodily injury caused solely by external, violent and accidental means, wherein it is provided that the insurance does not cover injury, fatal or non-fatal, resulting from any poison or infection, or from anything accidentally or otherwise taken, administered, absorbed or inhaled, no recovery can be had for injury resulting from inflamation of the eyes in consequence of accidentally coming in contact with poison ivy whereby the irritating poison was absorbed into the eye.

This case was decided by Division A.

Writ of error to the Circuit Court for Duval county.

*Cooper & Cooper,* for Plaintiff in Error;

*Wm. B. Young,* for Defendant in Error.

### STATEMENT.

The defendant in error, Henry Robinson, sued the plaintiff in error, The Preferred Accident Insurance Company of New York, in the Circuit Court of Duval county. The declaration alleged as follows: "Henry Robinson, by Wm. B. Young, his attorney, sues The Preferred Accident Insurance Company of New York, a corporation created and existing under and by virtue of the laws of the State of New York, and having an agent residing in the city of Jacksonville in said county, for that whereas, on the 9th day of April, 1897, the said defendant undertook and agreed in writing, in consideration of the annual premium of twenty-four dollars then and there paid by the said plaintiff and accepted by said defendant, to insure the said plaintiff for the term of twelve calendar months, beginning at twelve o'clock noon on said date, and ending at twelve o'clock noon on the 9th day of April, 1898, against the effects of bodily injury caused solely by external, violent and accidental means, to-wit: in the sum of twenty-five dollars per week, not exceeding one hundred and four consecutive weeks, where the injury received as aforesaid, shall, independent of all other causes, and immediately following the receipt thereof wholly and continuously disable him from transacting any and every kind of business pertaining to his occupation as president of a bank, and plaintiff avers that on, to-wit: the 26th day of June, 1897, while out riding in said county, a foreign substance, to-wit: poison ivy, was blown into plaintiff's left eye, which caused inflamation to immediately set in extending to both eyes and to the face, by reason of which injury so sustained plaintiff was wholly and continuously disabled from transacting any and every kind of business

pertaining to his said occupation for a long period, to-wit: for ten consecutive weeks immediately following the said 26th day of June, 1897, and plaintiff upon the first day after receiving said injury upon which he was physically able to do so, to-wit: the 27th day of August, 1897, gave notice in writing to the secretary of said company at New York City of said accidental injury, but the said defendant has wholly failed and refused to pay to plaintiff the sum of twenty-five dollars per week for the said ten weeks during which said plaintiff was wholly and continuously disabled from transacting any and every kind of business pertaining to his said occupation, and has repudiated all liability upon its said contract of insurance, claiming that the insurance under said contract did not cover injury resulting from the said accident sustained by plaintiff, and plaintiff claims five hundred dollars as damages."

Attached to the declaration as the cause of action sued on was a copy of the contract of insurance in the words and figures following:

No. 0013909

Maximum Weekly Indemnity       Maximum Death Benefit
        $50. per week.                            $10,000.

THE PREFERRED ACCIDENT INSURANCE COMPANY OF NEW YORK.

*In consideration* of the agreement, statements and warranties contained in the application for this policy and of the annual premium of twenty-four dollars, has accepted Henry Robinson of Jacksonville, State of Florida, a President, "Bank" by occupation, and, subject to all of the provisions and conditions herein contained, or endorsed

hereon, hereby insures him under Preferred classification, for the term of 12 calendar months, beginning at twelve o'clock noon on the date hereof, and ending twelve o'clock noon on the 9th day of April, 1898, against the effects of BODILY INJURY, caused solely by EXTERNAL, VIOLENT AND ACCIDENTAL MEANS, to-wit:  (a) in the sum of $25 per week, not exceeding one hundred and four (104) consecutive weeks, where the injury, received as aforesaid, shall, independently of all other causes, and immediately following the receipt thereof, wholly and continuously disable him from transacting any and every kind of business pertaining to the occupation above stated.   (b) Or, where the injury, received as aforesaid, shall independently of all other causes and immediately following the receipt thereof, continuously disable and prevent the insured from performing some one or more of the duties pertaining to the said occupation, the said company will pay the insured a weekly indemnity of not less than $5 or more than $20 during the continuance of such partial disablement not exceeding twenty-six (26) consecutive weeks—the amount of such indemnity to be determined by said company as between the said maximum and minimum amounts, based upon the nature and severity of the injury and the consequent effect upon the occupation of the insured.   (c) Or, the said company will pay the insured as a specific indemnity, in lieu of the above mentioned weekly indemnities, if the injury, received as aforesaid, shall within ninety (90) days from the happening thereof, result (1) in the entire and permanent destruction of the sight of one eye, the sum of $650; or (2) in the entire loss of one hand or one foot by complete severance thereof at or above the wrist or ancle, the sum of $2,500; or, (3) in the entire and permanent destruction of the sight of both eyes, or in the entire loss of both

hands or both feet, or one hand one foot, by complete
severance thereof, at or above the wrist or ankle, the sum
of $5,000; either of which payments shall terminate this
policy. (d) Or, if death should result from such injury
within ninety (90) days from the date thereof, the said
company will pay the sum of $5,000 to Margaret A. Robin-
son, (wife) if surviving, or, in the event of her prior
death, to the executors, administrators or assigns of the
insured. (e) Or, (1) if such injuries shall be received by
the insured while riding as a passenger in or on a public
conveyance provided by a common carrier for passenger
service, and propelled by steam, electricity, or caple; or,
(2) if such injuries shall be received by the insured in
consequence of the burning of a licensed hotel, while he
shall be a guest therein, then the amount to be paid to the
insured or his beneficiary, as the case may be, shall be
double the amount that would otherwise be paid for such
injury. The benefits accruing under clause "e" shall not,
however, be applicable to any injury (fatal or non-fatal)
which may result from an attempt to enter or leave any
of the moving conveyances therein specified. This insu-
rance does not cover disappearance; nor suicide, sane or
insane; nor any case of disability or death whatever, ex-
cept where the claimant shall furnish to the company di-
rect and positive proof that such disability or death re-
sulted proximately and solely from accidental causes;
nor death or disability happening to the insured either
while intoxicated, or in consequence of his being or hav-
ing been under the influence of any intoxicant or narcot-
ic; nor injury, fatal or non-fatal, resulting from any poi-
son or infection, or from anything accidentally or other-
wise taken, administered, absorbed, or inhaled; nor death
nor loss of limb or sight, nor disability resulting either

33 S. C.

directly or indirectly, wholly or in part, from any of the
following acts, causes or conditions, or while so engaged
or affected; sunstroke, freezing, sleepwalking, hernia,
fit, vertigo, lumbago, or bodily infirmity or disease of any
kind; medical or surgical treatment (amputation made
necessary by the particular injury for which claim is
made and occurring within ninety days from date of such
injury excepted) riding or driving in races of any kind;
either foot-ball or polo-playing; war, riot, duelling, fight-
ing, wrestling; injury resulting from an altercation, feud,
or quarrel; intentional injury inflicted upon the insured
by himself or by any other person (assault by a robber or
highwayman excepted); voluntary over-exertion; either
voluntary or unnecessary exposure to danger, while viola-
ting law; while handling any explosive compound; while
or in consequence of riding in or on any locomotive,
freight-car, or hand-car; or while walking or being on the
road-bed or bridge of any steam railway. If it shall be
established that at the time when an accidental injury
(either fatal or non-fatal) is received by the insured, he
was guilty of embezzlement, or in any other criminal of-
fence, this policy shall, in such case, be wholly void. This
policy is issued subject to the foregoing provisions and
to the conditions on the back hereof; its terms can not be
waived or altered by any agent or solicitor, and no modi-
fication or alteration of any of its provisions shall be val-
id, unless endorsed hereon by the President or Secretary
of the company.

IN WITNESS WHEREOF, *Thch Preferred Accident
Insurance Company of New York* has caused this
policy to be signed by its President and Secreta-
ry, and delivered at the office of the company,
in the City of New York, State of New York.

this 9th day of April, one thousand eight hundred and ninety-seven.

KIMBALL C. ATTWOOD, Secretary.
P. C. LOUNSBURY, President.

(Conditions on Back of Policy.)

## CONDITIONS.

This policy is issued to and accepted by the insured subject to the following provisions and conditions: 1. The insured is permitted to travel by regular lines of passenger conveyance anywhere throughout the civilized world. 2. Notice of any accidental injury for which claim is to be made under this policy shall be given in writing addressed to the Secretary of the company at New York City, stating full particulars of the accident and injury, and failure to give such written notice within ten (10) days from the date of injury (whether fatal or nonfatal) shall invalidate any and all claims under this policy. Affirmative proofs of death or of injury and duration of disability, and that the same resulted proximately and solely from accidental causes within the terms of this contract shall be furnished to the company within the following limit of time; (1) as to *fatal injury,* within two months from the date of such death; (2) as to injury resulting in the entire loss of one or both hands, feet or eyes, within four months from the date of such injury; and as to any other disabling injury, within thirty days after the termination of such disability—otherwise all claims based upon any of the foregoing injuries shall be forfeited. ENDORSED: $10,000. Combination Partial Disability and Hotel Policy. Read your Policy. Notify Secretary at once if injured. The Preferred Accident Insurance Co. of New York. Policy No. 0013909, issued in favor of Henry Robinson, Jacksonville, Fla.

To this declaration the defendant pleaded, among other things, (1) that it did not promise as alleged; (2) that the alleged injuries to plaintiff in his said declaration mentioned were not caused solely by external, violent and accidental means, but was a disease or eruption of the body of the plaintiff.

Upon these pleas issue was joined and the cause tried to a jury, which resulted in a verdict and judgment for the plaintiff, to review which the defendant sued out a writ of error from this court.

TAYLOR, C. J.,    (after stating the facts.)

At the trial the plaintiff, to prove the allegations of his declaration, offered in evidence the policy of insurance, copy of which was attached to his declaration, as the cause of action sued upon, but to the introduction of it in evidence the defendant objected on the grounds that said paper varied from the declaration; that the same did not correspond to the declaration; that the same was not the contract declared on as alleged in the declaration; that the same was not competent evidence of the contract set forth or declared on in the declaration. The judge overruled these objections and admitted the paper in evidence, to which ruling the defendant duly excepted.

The court gave to the jury the following charges, numbered as follows: "2nd. The court instructs you that the policy of insurance given in evidence by plaintiff sustains the allegations of the contract alleged in the declaration." "4th. If you find that the plaintiff was injured accidentally by poison ivy striking him in the eye, and inflammation was the result solely from poison ivy striking or being wafted into plaintiff's eye, and being absorb-

·ed and inflamation resulting therefrom, you must find for the plaintiff." "2nd. (At plaintiff's request.) Inflammation caused by the accidental wafting of poison ivy in the eye of the insured is covered by the contract of insurance offered in evidence."

All these rulings and charges were duly and severally excepted to and are severally assigned and argued as error. Whether these assignments of error are well taken depends upon the proper construction of the contract of insurance sued upon. The policy or contract of insurance contains, as will be observed, the following provisions: "The Preferred Accident Insurance Company of New York, in consideration, &c.  *  *  *  and, subject to all of the provisions and conditions herein contained, or endorsed hereon, hereby insures him (Henry Robinson),  *  *  *  against the effects of bodily injury, caused solely by external, violent and accidental means. This insurance does not cover disappearance, nor suicide, sane or insane; nor any case of disability or death whatever, except where the claimant shall furnish to the company direct and positive proof that such disability or death resulted proximately and solely from accidental causes; nor death or disability happening to the insured either while intoxicated, or in consequence. of his being or having been under the influence of any intoxicant or narcotic; nor injury, fatal or non-fatal, resulting from any poison or infection, or from anything accidentally or otherwise taken, administered, absorbed or inhaled."

It is contended here for the defendant in error that under the decision of the courts of New York in the case of Paul v. Travelers' Ins. Co., 112 N. Y. 472, 20 N. E. Rep. 347, that the injury received by the plaintiff below as set out in his declaration is covered by the policy of insu-

rance sued upon, and is not excepted therefrom by the above quoted provisions therein. With the reasoning in this and other New York, Pennsylvania and Illinois cases following it we can not all agree. They hold in effect that an *exception* of certain classes of *accidents* out of the terms of a policy of insurance that insures expressedly against *accidents only*, covers nothing but what is *intentionally* and *consciously* brought about by the insured, and, therefore, consequently that is not an *accident*. But even if the New York and other cases following it were sound law, the policy in litigation here seems to have been framed with a view to avoid the strained resoning of the courts in those cases predicated upon the use of certain words and forms of expression in the policies therein considered. The policy in this case differs mtaerially from the contracts construed in those cases.

A lucid and forceful expose' of the fallacy and unsoundness of the reasoning and conclusions in the New York and other courts following her, will be found in the case of McGlother v. Provident Mut. Acc. Co. of Philadelphia, 89 Fed. Rep. 685. See, also, Early v. Standard Life & Accident Ins. Co., 113 Mich. 58, 71 N. W. Rep. 500; Westmoreland v. Preferred Acc. Ins. Co., 75 Fed Rep. 244.

Under our construction of the plain and unambiguous language of the contract of insurance sued upon in this case, the injury alleged to the plaintiff's eye from poison absorbed by accidentally coming in contact with poison ivy is expressly excepted from the accidents insured against, and that under the policy sued upon no recovery can be had upon the allegations made in the declaration herein. It follows from what has been said that the court below erred in admitting the policy of insurance objected to in evidence in the cause, upon the ground of the objec-

tion made to its introduction, *viz:* that it varied from the contract alleged in the declaration; and that the court erred in giving each of the instructions quoted above.

For the errors found the judgment of the court below in said cause is reversed at the cost of the defendant in error.