### 28425. LIBERTY NATIONAL LIFE INSURANCE COMPANY *v.* KIRK.

DECIDED NOVEMBER 14, 1940.

*Lamar Camp,* for plaintiff in error. *I. L. Mundy,* contra.

STEPHENS, P. J. Robert M. Kirk instituted suit against the Liberty National Life Insurance Company, to recover double indemnity on a policy of life insurance issued by the defendant on the life of the wife of the plaintiff, in which the plaintiff was designated beneficiary. The policy provided: "Extra Benefit for Death by Accident. Upon receipt of due proof that the death of the insured resulted directly and independently of all other causes, from bodily injuries caused solely by external, violent, and acci-

dental means, the company will pay an 'Extra Benefit for Death by Accident,' which shall be an amount equal to the death benefit as is shown in schedule A above. . . The additional benefit shall not be payable if the insured's death . . is caused by taking any kind of poison or the inhalation of gas, whether voluntarily or otherwise." It appeared from the allegations of the petition that on August 26, 1939, Dr. Murl Hagood wrote a prescription for Mrs. Lois Kirk, the plaintiff's wife, calling for phenacetin, a harmless drug, and directing that the patient take one tablet of such medicine three times daily; that this prescription was taken by the mother of Mrs. Kirk to a drug-store, a licensed apothecary, where it was delivered to a registered pharmacist of the drug company; that as the result of a mistake the pharmacist placed the label intended for the box containing the phenacetin tablets upon a similar box which contained cyanide of mercury tablets, a deadly poison; that the box containing the poisonous tablets was thereupon inadvertently delivered to the mother of Mrs. Kirk, who carried this box of poisonous tablets to her daughter's home and delivered them to her; that Mrs. Kirk thereupon swallowed one of these poisonous tablets under the impression that she was taking a phenacetin tablet according to the direction of Dr. Hagood; that she became ill and suffered violent convulsions, and was taken to a hospital where she died on September 2, 1939; that due proof of death was submitted to the defendant and accepted by it, and that the defendant paid the face of the policy, or single indemnity therein provided for, but refused to pay the double indemnity or "extra benefit for death by accident coverage" provided for in the policy, on the ground that under the provisions of the policy the company was not liable where the death of the insured was caused by "taking any kind of poison," whether intentionally or accidentally. The defendant demurred generally to the petition, on the ground that no cause of action was set out. The judge overruled the general demurrer, and the defendant excepted.

There is no question that the death of the plaintiff's wife was accidental. It has been held that death resulting from the taking of poison by mistake is within the terms of a policy insuring against death by external, violent, and accidental means. Nichols *v.* New York Life Ins. Co., 88 Mont. 132 (292 Pac. 253) ; Healey *v.* Northwestern Mutual Accident Asso., 133 Ill. 556 (25 N. E. 52, 9 L. R.

A. 371, note, 23 Am. St. R. 637); "Mutual Accident Asso. v. Tuggle, 39 Ill. App. 509; Dezell v. Fidelity &c. Co., 176 Mo. 253 (75 S. W. 1102); Hill v. Hartford Accident Ins. Co., 22 Hun (N. Y.), 187; Pollock v. U. S. Mutual Accident Asso., 102 Pa. 230 (48 Am. St. R. 204). However, the provisions of a policy for the payment of an "extra benefit" or double indemnity for death resulting from violent, external, and accidental causes, may be subject to exceptions provided for in the policy, as in the policy sued on, that an "extra benefit shall not be payable if the insured's · death . . is caused by taking any kind of poison . . whether voluntarily or otherwise." "Accident insurance policies frequently contain a provision, differing in wording in different policies, the effect of which is to exempt the insurer from liability for injury or death resulting from poison. . . According to the weight of authority such an exception includes a case where the poison was taken by accident or mistake as well as where it was taken by design, although some cases hold to the contrary." 1 C. J. 455. It was held in Urian v. Scranton Life Insurance Co., 310 Pa. 144 (165 Atl. 21), that death from poison unintentionally taken is death "from poisoning" within an exception contained in the double-indemnity provisions of a life-insurance policy. Likewise, in Early v. Standard Life &c. Co., 113 Mich. 58 (71 N. W. 500, 67 Am. St. R. 445), the Supreme Court of Michigan held that "an exception in an accident policy of death or injuries resulting directly or indirectly from poison extends to cases where the poison is administered through mistake of a druggist or physician." To the same effect see Riley v. Interstate &c. Asso., 184 Iowa, 1124 (169 N. W. 448, 2 A. L. R. 57); Pollard v. U. S. Mutual Accident Asso., supra; Preferred Accident Insurance Co. v. Robinson, 45 Fla. 525 (33 So. 1005, 61 L. R. A. 145); Miller v. Fort Wayne Mercantile Accident Asso., 87 Ind. App. 561 (153 N. E. 427); 6 Couch's Enc. Ins. Law, 4557 et seq. § 1248; 6 Cooley's Briefs on Insurance, 5332.

The exception in this policy that the company would not be liable to pay the extra benefit "if the insured's death is caused by taking any kind of poison, . . whether voluntarily or otherwise," clearly means that the company is not liable under the policy to pay the extra or additional benefit therein provided for accidental death where such death was caused by the taking by the

insured of any kind of poison, whether such poison was taken intentionally or, through accident or mistake, and would include the voluntary taking of a supposedly harmless drug which, through a mistake and accident on the part of the druggist, was in reality a deadly poisonous drug. It follows that the petition failed to set out a cause of action for the double indemnity or extra benefit provided for in the policy, and that the judge erred in overruling the general demurrer interposed to the petition.

*Judgment reversed. Sutton and Felton, JJ., concur.*