28634, 28662.　VAUGHAN *v.* GULF LIFE INSURANCE COMPANY; and *vice versa.*

DECIDED JANUARY 20, 1941.　REHEARING DENIED MARCH 26, 1941.

*Morris & Welsch,* for plaintiff.

*J. D. Tindall, Clint W. Hager, J. F. Kemp,* for defendant.

Sutton, J. Mrs. Frances Vaughan, as beneficiary, brought suit against Gulf Life Insurance Company, to recover under a double-indemnity accident-insurance policy issued to her son, Clyde Albert Vaughan, on January 6, 1939, alleging, that on November 11, 1939, the insured, while about to enter one of his employer's buildings to obtain his work clothes and pursue his duties as a laborer, ignorantly, unintentionally, and accidentally inhaled poisonous gas, mixed with the air about him, which poisonous gas or lethal chemical substance had escaped from a pipe that led from one tank to another on the premises of his employer; that as a result of such inhalation the insured fell and died instantly; that the defendant settled with the plaintiff for the face amount of the policy, but failed and refused to pay the sum provided for under the double-indemnity clause of the policy, as follows: "The company hereby agrees to pay double the amount of the insurance to the person or persons to whom the proceeds of the policy are payable, and in like manner upon receipt of due proof that the death of the insured occurred after the date of issue of this policy and before attaining the age of 65, as a result of accidental drowning, or bodily injury received after this contract becomes effective, caused solely by external, violent, and accidental means, which injury is evidenced by a visible wound or contusion on the exterior of the body, or is revealed by an autopsy; and that such death occurred within ninety days after such injury and as a direct result thereof, independently and exclusively of all other causes; and provided all premiums have been duly paid. It is mutually agreed that said additional sum shall not be payable if the insured's death results . . from the taking of poison or the inhaling of gas, *whether voluntary or* otherwise," etc. (Italics ours.) The defendant demurred generally on the ground that no cause of action was set forth in the petition. The court sustained the demurrer, and the exception is to that judgment.

■ The sole issue is as to the construction to be placed upon the words "or otherwise" following the word "voluntary" in the concluding portion of the clause last quoted; the plaintiff contending that the expression should by the court be given an ejusdem generis interpretation, that is, the words should be taken in a mean-

ing kindred or similar to the word "voluntary," and that the company should not be held exempt from liability unless the act of the insured was a conscious, intentional, and voluntary one; that if not so interpreted by the court the words should be treated as ambiguous, and in that event their meaning should be determined by a jury; and that it was error to sustain the general demurrer.

Without discussing the cases from other jurisdictions, cited and relied on by the respective counsel in their briefs, it is sufficient to say that the present issue is controlled by *Liberty National Life Insurance Co.* v. *Kirk,* 63 *Ga. App.* 527 (11 S. E. 2d, 716). In that case the insured's death resulted from the taking of a poisonous tablet through mistake. The policy provided for an extra benefit if the death of the insured resulted, "directly and independently of all other causes, from bodily injuries caused solely by external, violent, and accidental means," but stipulated that "The additional benefit shall not be payable if the insured's death . . is caused by taking any kind of poison or the inhalation of gas, *whether voluntarily or otherwise."* (Italics ours.) This court held that "The death of an insured caused by the taking of poison as a result of a mistake falls within an exception in the policy of insurance that the insurer will not be liable to pay the extra benefit or double indemnity therein provided for 'if the insured's death . . is caused by taking any kind of poison . . whether voluntarily or otherwise,'" and in the opinion it was said: "The exception in this policy, that the company would not be liable to pay the extra benefit 'if the insured's death is caused by taking any kind of poison, . . whether voluntarily or otherwise,' clearly means that the company is not liable under the policy to pay the extra or additional benefit therein provided for accidental death where such death was caused by the taking by the insured of any kind of poison, whether such poison was taken intentionally *or through accident or mistake,* and would include the voluntary taking of a supposedly harmless drug which, through a mistake and accident on the part of the druggist, was in reality a deadly poisonous drug." (Italics ours.) While in the present case the death of the insured resulted from the admittedly accidental inhaling of poisonous gas, instead of the taking of a poisonous tablet through ignorance of its real nature, as in the *Kirk* case, it is controlled by it, inasmuch as this court construed the words "or otherwise" in

their context as having the effect of exempting the company from liability, not only where the death of the insured was induced by the voluntary taking of the poisonous tablet, but also in case his death resulted from a taking which was accidental and where he was unaware of its real poisonous nature. By a like construction of the words "voluntary or otherwise," the exact language used in the policy in the *Kirk* case, it must be held that the inhaling of the gas under the circumstances shown by the petition, although accidental, unintentional, and involuntary, exempts the company from liability under the policy. The court did not err in sustaining the general demurrer.

■ Because of the above ruling, it is unnecessary to pass on the assignment of error in the cross-bill of exceptions.

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed. Stephens, P. J., and Felton, J., concur.*