BIERMAN–DANZI CORP., Plaintiff, *v.* FIREMEN'S FUND INSURANCE Co. et al., Defendants.

Municipal Court of the City of New York, Borough of Manhattan, September 30, 1952.

*Sidney J. Guran* and *Raymond A. Werchen* for plaintiff.

*Paul D. Compton* for St. Paul Fire & Marine Insurance Co., defendant.

McAuliffe, J. On an agreed stipulation of facts plaintiff and the defendant, St. Paul Fire and Marine Insurance Co., moved for judgment on questions of law only.

The question here to be decided is whether a policy of insurance issued by defendant to plaintiff covers the loss of two fur garments left at the home of a prospective customer by plaintiff's salesman. The policy, a commercial travelers form, specifically provides that it " shall only apply to cover the merchandise whilst actually in the hands or in the custody of the assured's salesmen."

The circumstances under which the loss occurred are as follows:

On July 7th, plaintiff's salesman, Mr. Margolese, took the garments to the home of Miss Betty Stiles for the purpose of sale. Miss Stiles rejected the furs but agreed to leave them at her apartment while she and Mr. Margolese went out for a cocktail. On the way home, she further agreed, at the request of Mr. Margolese, to keep them in her apartment over night. About half an hour after leaving Miss Stiles, Mr. Margolese was notified that her apartment had been robbed and that among the stolen articles were plaintiff's furs.

Clearly, the furs were not " in the hands " of Mr. Margolese at the time of the theft nor can this court hold, under the circumstances, that they were in his " custody " as that word is commonly understood.

The word " custody " is generally defined as the keeping or guarding of property by one who is charged with or assumes responsibility for its safety. (Webster's International Dictionary; 25 C. J. S., p. 70; *National Fire Ins. Co.* v. *Davis,* 179 S. W. 2d 316 [Tex.].) As the court pointed out in *Gibson* v. *St. Paul Fire & Marine Ins. Co.* (117 W. Va. 156) it implies temporary physical control and not only did plaintiff's salesman relinquish physical control of the furs by leaving them in Miss Stiles' apartment, but he also put her in charge of the furs by requesting she keep them over night for safekeeping. In no sense of the word can it be said that plaintiff's salesman retained custody.

Still less can it be said that Mr. Margolese retained *actual* custody as is required by the terms of plaintiff's insurance contract. The policy limits its coverage to property " actually * * * in the custody " of assured's salesman, thereby indicating clearly that theoretical custody — if there be such a thing — would not suffice and while the provisions of an insurance contract should be construed favorably to the insured, the con-

struction must be a reasonable one, not inconsistent with the clear language therein used. (*Gershcow* v. *Homeland Ins. Co. of America,* 217 Minn. 568.)

In the case of *Schildkraut Fur Co.* v. *St. Paul Fire & Marine Co.* (9 N. Y. S. 2d 827), the court was called upon to construe the very same language as is presently here and as applied to very similar circumstances. There too the plaintiff's salesman had left the insured's property in charge of a third person, and there too the court denied the plaintiff recovery on the ground that his salesman had relinquished custody of the merchandise.

Accordingly in the instant action, judgment may be entered dismissing the complaint as against the defendant St. Paul Fire and Marine Insurance Co.