HURON BOWL, INC., *v.* SECURITY INSURANCE
COMPANY OF NEW HAVEN

1. CONTRACTS—INSURANCE—LANGUAGE.

Court of Appeals in interpreting contract of insurance will neither give language used a forced or strained meaning, nor write a new contract for the parties.

2. SAME—INSURANCE—WORDS AND PHRASES—"CARE AND CUSTODY".

Phrase "care and custody" when applied to determine whether employee of plaintiff was acting as a "custodian" connotes dominion over property which need not attain actual possession, but does imply some temporary right of dominion over or charge of the property, albeit under direction of another.

3. SAME—INSURANCE—"CUSTODIAN".

Employee of plaintiff *held*, not a "custodian" of money locked in safes on plaintiff's premises where the employee had no access to the money nor any rights or duties with respect to such money other than keeping others away from the area.

4. SAME—INSURANCE—ROBBERY—BURGLARY.

Insured under policies of insurance covering loss by robbery but not loss by burglary *held*, not entitled to recovery under policies where employee on duty at time of theft, who was forced to lie on the floor and be tied up while thieves broke into safes, was performing duties of a watchman rather than those of a custodian of funds in the safes and was thus excluded from coverage by express language in policies excluding any person while acting as a watchman, janitor or porter.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 43 Am Jur 2d, Insurance §§ 257, 264.
[2, 3] 43 Am Jur 2d, Insurance § 311.
[4] 29A Am Jur, Insurance § 1333.

Appeal from Oakland, Adams (Clark J.), J.   Submitted Division 2 April 4, 1968, at Detroit.   (Docket No. 4,005.)   Decided October 24, 1968.

Complaint by Huron Bowl, Inc., a Michigan corporation, against Security Insurance Company of New Haven, Transamerica Insurance Company, General Casualty Company of Wisconsin and Capitol Indemnity Company for recovery under policies of insurance.   Summary judgment for defendants.   Plaintiff appeals.   Affirmed.

*Daniels, Zussman & Wienner,* for plaintiff.

*Sugar, Schwartz & Silver,* for defendants.

J. H. GILLIS, P. J.   Plaintiff appeals a summary judgment.   The dispute centers about the terms of insurance under policies issued by defendants which defendants claim do not cover the loss in question.

The loss occurred on January 7, 1966 at about 5 a. m. when approximately $13,000 was taken from the locked safes on plaintiff's bowling alley premises.   Plaintiff had one employee on duty at the time who was forced, by threats of violence, to lie on the floor and be tied up while the intruders made their way to plaintiff's office and opened the locked safes.   Essentially, the sole issue presented is whether, under the definitions of the insurance policies, this theft could properly be classified as a robbery or burglary.   Plaintiff had "robbery," but not "burglary" coverage.   Defendants contended, and the trial court so found, that the theft was a "burglary" (as defined in the policy coverage).   Plaintiff contends that the court erred in not finding that its employee was "robbed," but would evidently settle

for a holding that a material issue of fact exists as to whether it was robbery or burglary.

The pertinent policy provisions (the language of which is stipulated by the parties) state that:

" 'Robbery' means the taking of insured property * * * by putting him [a custodian] in fear of violence."

A custodian is defined thus:

" 'Custodian' means the insured * * * or any employee thereof who is in the regular service of and duly authorized by the insured to have the care and custody of the insured property within the premises, *excluding any person while acting as a watchman, porter or janitor.*" (Emphasis supplied.)

As is evident, the determination of whether the theft was within the definition of these quoted sections must of necessity depend upon the character and quality of the duties and responsibilities of plaintiff's employee who was on duty at the time of the theft. Defendants successfully pursued their motion on the dual grounds that:

(1) money locked in the safe was not within the care and control of the employee who had no access to the money, whose responsibilities did not include the safe or its contents, and who had no knowledge of the amount of money, if any, locked within the safe.

(2) at the time of the theft the employee was acting as a "watchman, porter or janitor" and thus even if he had care and custody, it was within the coverage exclusion.

We are satisfied from the pleadings, record and briefs, that the trial court correctly concluded that, as a matter of law, based on the deposition of plaintiff's officers and employee, the money locked in the

safe was not within the "care and custody" of the employee on duty, except insofar as he was acting as a watchman, janitor or porter.

It is elementary that in interpreting contracts of insurance we give the language used its natural and ordinary meaning, *Michigan Mutual Liability Company* v. *Pokerwinski* (1967), 8 Mich App 475. We will not give words used a forced or strained meaning, nor will we write a new contract for the parties regardless of the desirability of so doing. *Edgar's Warehouse, Inc.* v. *United States Fidelity & Guaranty Company* (1965), 375 Mich 598; *Sturgis National Bank* v. *Maryland Casualty Co.* (1930), 252 Mich 426; *Topolewski* v. *Detroit Automobile Inter-Insurance Exchange* (1967), 6 Mich App 286; *Scanlon* v. *Western Fire Insurance Company* (1966), 4 Mich App 234.

"Care and custody" connotes dominion over the property which need not attain actual possession. *Birgbauer* v. *Aetna Casualty & Surety Co.* (1930), 251 Mich 614. It does imply, however, some temporary right of dominion over, or charge of the property albeit under the direction of another. See *Bierman-Danzi Corp.* v. *Fireman's Fund Insurance Co.* (1952 Mun. Ct. N.Y.) 115 NYS2d 706; *Fox West Coast Theatres, Inc.* v. *Union Indemnity Company* (1932), 167 Wash 319 (9 P2d 78). It is not a term of precise definition and its pertinence to this opinion is only to the extent that it, on its face, includes true "custodians" as well as watchmen, porters and janitors as defined in the policy.

Depositions introduced in the trial court in support of the motion indicate that the employee had no duties with respect to the locked safes or the money contained therein except to keep others away from the area. It is uncontroverted that the employee had no access to the money nor any rights

or duties concerning the locked safes. It is evident
to our minds that any care and custody being exer-
cised by the employee or exercisable by him was
only in the capacity of a watchman, janitor or
porter.

Webster's (3d ed, unabridged) dictionary defines
"watchman" as:

"One who keeps watch  *  *  *  one who is em-
ployed to stand watch over or to patrol property
for the purpose of protecting it against theft, fire,
or other damage."

In *Employers Mutual Casualty Company* v. *Trin-
ity Universal Insurance Company* (Tex Civ App,
1964) 376 SW2d 766, 767, 768, the court states:

"A 'watchman' performs duties which are approx-
imately 90% passive, i.e., merely being in a place
to guard premises or personal property where any
threat to the safety thereof would in all probability
come to his attention—so that affirmative protective
action might be taken should occasion therefor arise.
Essentially, a 'watchman' is 'in charge of' property
under his observation or protection."

Appellant argues that its employee was not prin-
cipally employed as a watchman, porter or janitor
and therefore was outside the policy exclusion. It
argues that to hold the exclusion to apply to the
functions being performed at the very moment of
the theft would lead to on-again, off-again coverage.
The point is well taken, but only where the insured
at least can demonstrate the "on-again" aspects of
the employment. In this record, insofar as the
money locked in the safes, we find nothing but "off-
again."

To our minds, the essential ingredient is the em-
ployee's over-all responsibilities and duties with

respect to the property rather than the particular momentary activity at the instant of the theft. In order to be other than a watchman, one would expect some manner or type of entrustment of the property beyond that of mere passive protection. In the present case, it is quite obvious that the employee had no more right with respect to the money taken than the thieves themselves had. He did not have any possession or rights with respect to the money such as the insured's employee had in *Birgbauer* v. *Aetna Casualty & Surety Co., supra.* The employee was not to touch or move the property nor was he to let others do so.

We are not persuaded by the claim that on many occasions the employee waited on plaintiff's customers or made bank deposits for plaintiff. The crucial aspect of the employment is that directed to and concerned with the property in question, read within the fair meaning of the policy. In this case the policy expressly excluded any [custodian] *while acting* as a watchman, porter or janitor.

Appellant's contention that the exclusionary provision is ambiguous and should be resolved in its favor is not well-founded. If every difficult case or dispute could be said to be ambiguous by virtue of the difficulty or dispute, we should no doubt experience a most distasteful revolution in the insurance industry. The policy here is not susceptible of any fair meaning which would serve to extend the coverage to plaintiff. See *Topolewski* v. *Detroit Automobile Inter-Insurance Exchange, supra.*

Affirmed. Costs to appellees.

FITZGERALD and MCGREGOR, JJ., concurred.