WEAVER *v.* MICHIGAN MUTUAL LIABILITY COMPANY

1. INSURANCE—CONSTRUCTION OF POLICY—ORDINARY MEANING.

 A court when construing an insurance policy must give weight to the ordinary meaning of words and attempt to avoid strained interpretations.

2. AUTOMOBILES—DEFINITION—MOTORCYCLES.

 The term "automobile" in its every day usage does not include a motorcycle.

3. INSURANCE—AUTOMOBILES—CONSTRUCTION OF POLICY—"AUTOMOBILE"—DIFFERENT DEFINITIONS.

 An automobile insurance policy which defines the term "automobile" as excluding motorcycles in one part of the policy but does not specifically exclude, or even mention motorcycles when defining the term "automobile" in other parts of the policy manifests that the drafters of the policy have not clearly defined the term.

4. INSURANCE—EXCLUSIONARY CLAUSES—CONSTRUCTION OF POLICY.

 Exclusionary clauses are to be strictly construed against the insurer.

5. INSURANCE — AUTOMOBILES — EXCLUSIONARY CLAUSE — "AUTOMOBILES" — MOTORCYCLES.

 An exclusionary clause in the uninsured motorist provision of an automobile insurance policy which excluded coverage for injuries while the insured was occupying an automobile, other than the insured car, owned by him or a relative did not

REFERENCES FOR POINTS IN HEADNOTES

[1] 43 Am Jur 2d, Insurance § 265.
[2] 43 Am Jur 2d, Insurance §§ 1–3.
[3] 44 Am Jur 2d, Insurance §§ 1297–1300.
[4] 43 Am Jur 2d, Insurance §§ 271–279.
[5] 7 Am Jur 2d, Automobile Insurance §§ 99, 103.

apply to the situation where the insured was injured by an uninsured motorist while operating his motorcycle where in one part of the policy "automobile" was defined as excluding motorcycles, but in another part of the policy, the definition of "automobile" did not specifically exclude motorcycles, because exclusionary clauses are strictly construed against the insurer, the term "automobile" usually does not include motorcycles, and the insurer could have specifically brought motorcycles into the excluded coverage.

Appeal from Wayne, Edward S. Piggins, J. Submitted Division 1 February 9, 1971, at Detroit. (Docket No. 9272.) Decided April 22, 1971.

Complaint by Douglas Wayne Weaver against Michigan Mutual Liability Company seeking a declaratory judgment interpreting the uninsured motorist provision of an insurance policy. The Secretary of State, representing the Motor Vehicle Accident Claims Fund, intervened as a plaintiff. Judgment that plaintiff Weaver's claim was within the terms of the insurance policy. Defendant appeals. Affirmed.

*Millar, Weinberg, Necker & Johnson*, for plaintiff Douglas Wayne Weaver.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *Joseph B. Bilitzke*, Assistant Attorney General, and *Wallace D. Riley*, Special Assistant Attorney General, for intervening plaintiff.

*Martin, Bohall, Joselyn, Halsey & Rowe, P. C.*, for defendant.

Before: Danhof, P. J., and Holbrook and Bronson, JJ.

DANHOF, J.   Plaintiff brought this action seeking a declaratory judgment interpreting the uninsured motorist provision (Part IV) of an insurance policy issued by the defendant.   The Secretary of State, representing the Motor Vehicle Accident Claims Fund, intervened as a plaintiff.

The plaintiff purchased a motorcycle and while operating it was injured by an uninsured motorist. The uninsured motorist provision in the policy contains the following exclusion:

"to bodily injury to an insured while occupying an automobile (other than an insured automobile) owned by the named insured or a relative, or through being struck by such an automobile".

The motorcycle was not insured under the policy, and therefore, if a motorcycle is an automobile the exclusion applies and the defendant is not liable. On the other hand, if a motorcycle is not an automobile the exclusion does not apply and the defendant is liable.   The trial court held that as the term is used in Part IV of this policy a motorcycle is not an automobile.   We agree with the trial court.

In construing insurance policies we must give weight to the ordinary meaning of words and attempt to avoid strained interpretations.   *Edgar's Warehouse, Inc.,* v. *United States Fidelity & Guaranty Company* (1965), 375 Mich 598; *Huron Bowl, Inc.,* v. *Security Insurance Company of New Haven* (1968), 14 Mich App 62.   We conclude that in its every day usage the term "automobile" does not include a motorcycle.   See Webster's Third International Dictionary.

The ordinary meaning of a word may be varied by the context in which it is used or by being specifically defined.   After a careful examination of the policy we believe that if there was an intent to

give an unusual meaning to the term "automobile" the policy does not clearly disclose that intent.

The term "automobile" is defined in Part V of the policy as follows:

"With respect to the coverage afforded by this part, the word 'automobile' means a land motor vehicle, trailer or semi-trailer, not operated on rails or crawler treads, *but does not mean a motorcycle* or, except while actually upon public roads, a farm type tractor or equipment designed for use principally off public roads." (Emphasis added.)

In Part I of the policy the term "owned automobile" is defined as follows:

"a private passenger, farm or utility automobile described in this policy for which a specific premium charge indicates that coverage is afforded."

The three types of automobile contained in the term "owned automobile" are also defined in Part I:

" 'private passenger automobile' means a four wheel private passenger, station wagon or jeep type automobile;

" 'farm automobile' means an automobile of the truck type with a load capacity of fifteen hundred pounds or less not used for business or commercial purposes other than farming;

" 'utility automobile' means an automobile, other than a farm automobile, with a load capacity of fifteen hundred pounds or less of the pick-up body, sedan-delivery or panel-truck type not used for business or commercial purposes * * * ."

The fact that the term "automobile" is defined as excluding motorcycles for the purposes of Part V might tend to indicate that when the term is used elsewhere motorcycles are included. However, the definitions found in Part I, which are applicable to

Part IV, indicate that a motorcycle should not be considered an automobile. Thus, we conclude that the draftsmen of the policy have not clearly defined the term "automobile".

Exclusionary clauses are to be strictly construed against the insurer. *Francis* v. *Scheper* (1949), 326 Mich 441; *Michigan Mutual Liability Company* v. *Karsten* (1968), 13 Mich App 46. The insurance policy was prepared by the defendant company and if defendant had intended to include motorcycles in the definition of "automobile" in Part IV of the policy it should have so stated.

In view of the foregoing an automobile as used in Part IV of the plaintiff's insurance policy does not include motorcycles.

Affirmed.

All concurred.