## CORA v PATTERSON

1. INSURANCE—INTERPRETATION OF CONTRACT.

The terms of an insurance policy must be construed in accordance with the ordinary and popular sense of the language used, so as to avoid strained interpretations.

2. INSURANCE—AUTOMOBILES—DEFINITIONS.

An insurance policy which defines a "non-owned automobile" as a "private passenger, station wagon, or jeep type vehicle" refers solely to four-wheeled vehicles.

3. INSURANCE—AUTOMOBILES—MOTORCYCLES—DEFINITIONS—COMMON MEANING—NAMED INSURED.

The common meaning of "automobile" does not include "motorcycle"; thus an insurance policy providing liability coverage to a "non-owned automobile" did not provide coverage for a non-owned motorcycle operated by one who was not a named insured.

Appeal from Wayne, Victor J. Baum, J. Submitted Division 1 June 7, 1974, at Detroit. (Docket No. 19123.) Decided August 28, 1974.

Complaint by Dennis P. Cora against Betty Patterson and Allstate Insurance Company for a declaratory judgment that Allstate was obligated to defend a suit filed by defendant Betty Patterson against the present plaintiff. Judgment for defendant Allstate. Plaintiff appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 43 Am Jur 2d, Insurance §§ 1–3.

[2] 7 Am Jur 2d, Automobile Insurance §§ 98, 99n.

[3] 7 Am Jur 2d, Automobile Insurance §§ 99, 103.

What is an "automobile" or a "car" within coverage of automobile liability policy. 74 ALR2d 1264.

*Sommers, Schwartz, Silver, Schwartz, Tyler & Gordon, P. C.,* for plaintiff.

*Liberson, Fink, Feiler, Crystal & Burdick,* for defendant Betty Patterson.

*Garan, Lucow, Miller, Lehman, Seward & Cooper, P. C.,* for defendant Allstate Insurance Company.

Before: BRONSON, P. J., and BASHARA and VAN VALKENBURG,* JJ.

BRONSON, P. J. This is an appeal taken by plaintiff-appellant Cora from a summary judgment entered for defendant-appellee Allstate Insurance Company in a declaratory judgment action begun by Cora after Allstate refused to defend a suit filed against Cora by defendant-appellant Patterson. Patterson had been injured in an accident with Cora on April 17, 1970 while Cora was operating a friend's motorcycle.

Circuit Judge Victor Baum held that Allstate was not obligated to defend Cora in the damage action filed by Patterson, on the ground that the Allstate automobile liability insurance policy issued to Cora's father did not comprehend coverage for a non-owned motorcycle operated by one who was not a named insured.

Judge Baum asserts in his well reasoned opinion, and the briefs filed here appear to assume, that Cora was not a named insured. The record does not affirmatively disclose whether Cora was a named insured; pertinent declarations concerning the identity of the named insured were not included in the record.

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

We are constrained, for purposes of this appeal, to treat Cora as other than a named insured.[1]

The sole issue presented on this appeal is whether coverage under Allstate's policy, limited as it is to "non-owned private passenger automobile(s)", extends to a motorcycle. We hold that it does not.

Initially, we direct attention to the many cases which counsel that the terms of an insurance policy must be construed in accordance with the ordinary and popular sense of the language used, so as to avoid strained interpretations. *Edgar's Warehouse, Inc v United States Fidelity & Guaranty Co,* 375 Mich 598; 134 NW2d 746 (1965); *Economy Mills of Elwell, Inc v Motorists Mutual Ins Co,* 8 Mich App 451; 154 NW2d 659 (1967); *Huron Bowl, Inc v Security Ins Co of New Haven,* 14 Mich App 62; 165 NW2d 265 (1968); *Travelers Indemnity Co v Duffin,* 28 Mich App 142; 184 NW2d 229 (1970), *rev'd on other grounds* 384 Mich 812; 184 NW2d 739 (1971); *Weaver v Michigan Mutual Liability Co,* 32 Mich App 605; 189 NW2d 116 (1971).

Cora offers several dictionary definitions of "automobile" which arguably include "motorcycle". But contrary definitions are also available.[2]

Common usage is the touchstone. Cora argues that the word "automobile" is ambiguous and cites

---

[1] Had Cora been a *named insured,* Allstate's policy could not have, consonant with statutory requirements, limited coverage to "automobiles". *Allstate Ins Co v Motor State Ins Co,* 33 Mich App 469; 190 NW2d 352 (1971). The statute, MCLA 257.520(c); MSA 9.2220(c), embraces non-owned *motor vehicles,* which includes motorcycles. *Great Lakes Motorcycle Dealers Association, Inc v Detroit,* 38 Mich App 564; 196 NW2d 787 (1972).

[2] *See, e.g.,* Webster's Seventh New Collegiate Dictionary (1965), p 60:

Automobile: "A usually 4 wheeled automotive vehicle designed for passenger transportation and commonly propelled by an internal combustion engine."

*Travelers, supra,* in support of that proposition. In such a case, so goes the argument, a policy must be strictly construed against the insurer. If there is doubt about whether "motorcycle" is included in the term "automobile", that doubt must be resolved against the insurer.

The argument has but transparent appeal. *Travelers* was directed to the question whether a non-operable, non-licensed automobile, which the owner claimed he did not intend to repair, was a "private passenger automobile" within the terms of the owner's insurance policy. As the Supreme Court later held, this was a question of *fact.* Even accepting Cora's claim that *Travelers* stands for the proposition that the term "automobile" is ambiguous, ambiguity is a relational term. The Court in *Travelers* was concerned with the apparent ambiguity of the term "automobile" as it related to a motor car whose engine was not in operable condition, *not* as it related to a motorcycle. Thus, the definition of "automobile" applied in *Travelers*[3] and relied on by Cora must be read in light of the unique facts of that case. It is also limited by a case which followed *Travelers— Weaver v Michigan Mutual Liability Co, supra.*

In *Weaver,* we held that, for purposes of the uninsured motorist provision of an insurance policy, a motorcycle is not an automobile. Cora seeks to explain this result by labeling *Weaver* an "exclusion" case; that in *Weaver* the clause being construed excluded coverage for any injury sustained while occupying an "owned automobile". Conversely, says Cora, the present case is one of

---

[3] "The term 'automobile' is applied generally to a self-moving vehicle designed to travel on common roads and, specifically, to a wheeled vehicle for use on roads without rails, which carries in itself a mechanical motor as its source of power. * * * " *Travelers, supra,* at 147.

inclusion, involving construction of one of the policy's main coverage clauses.

But the distinction, even if generally valid, does not make a difference in this context. *Weaver* was more than an exclusion case. It explored the scope of conversational language in comparing the meanings of "motorcycle" and "automobile": "We conclude that in its every day usage the term 'automobile' does not include a motorcycle". *Weaver, supra,* at 607.

It was further pointed out in *Weaver* that the insurance policy in that case did not disclose an intent to give an unusual meaning to the term "automobile". There "owned automobile" was defined (in pertinent part) as a "private passenger automobile", further defined as a "four wheel private passenger, station wagon or jeep type automobile". Here "non-owned automobile" is defined (in pertinent part) as "private passenger automobile", further defined as "private passenger, station wagon or jeep type vehicle".

Though Cora's affidavit indicates that the subject motorcycle had a passenger seat, the policy language unambiguously refers to four-wheeled passenger vehicles. Even though "four wheel" does not appear in the present policy, the conjunction of "private passenger" with "station wagon" and "jeep type" makes it clear that the phrase "private passenger automobile" is referring solely to four-wheeled vehicles.

Thus, the insurance policy involved in the present case does not disclose an intent to define "automobile" so as to alter its common meaning. "Automobile" does not commonly include "motorcycle", *Weaver, supra,* and in the present insurance policy, that result is, if anything, bolstered by use of the more descriptive and limited term "private passenger automobile".

Cases in other jurisdictions on this question are uniformly in accord.[4] The only case found involving construction of an insurance policy which disagrees is grounded in part on the presence of a representation by the insurer that the policy would cover motorcycles.[5]

It should be noted, moreover, that this result is in accord with the purposes of the Financial Responsibility Act, MCLA 257.501 *et seq.;* MSA 9.2201 *et seq.* That act mandates coverage for certain classes of persons and vehicles. For example, as was indicated above, coverage must be provided for named insureds for liability or damages arising out of the use of a non-owned motor vehicle. MCLA 257.520(c); MSA 9.2220(c). Similar coverage for owned vehicles and other insured persons, MCLA 257.520(b)(2); MSA 9.2220(b)(2), is also required. Public policy plainly requires that the statutorily mandated coverage be provided in every insurance policy. *Allstate, supra.* But public policy does not require that insurance companies provide coverage for persons or vehicles not included in the terms of the act.[6] Public policy is not

[4] *Laporte v North American Accident Ins Co,* 161 La 933; 109 So 767 (1926); *Salo v North American Accident Ins Co,* 257 Mass 303; 153 NE 557 (1926); *Perry v North American Accident Ins Co,* 104 NJL 117; 138 A 894 (1927); *Colyer v North American Accident Ins Co,* 132 Misc 701; 230 NYS 473 (1928); *Anderson v Life & Casualty Ins Co of Tennessee,* 197 NC 72; 147 SE 693 (1929); *Landwehr v Continental Life Ins Co,* 159 Md 207; 150 A 732 (1930); *Deardorff v Continental Life Ins Co,* 301 Pa 179; 151 A 814 (1930); *Beeler v Pennsylvania Threshermen & Farmers Ins Co,* 48 Tenn App 370; 346 SW2d 457 (1960); *Kershaw v Lumbermens Mutual Casualty Co,* 2 Conn Cir 164; 196 A2d 817 (1963); *Whiddon v Cotton States Mutual Ins Co,* 109 Ga App 137; 135 SE2d 521 (1964); *Westerhausen v Allied Mutual Ins Co,* 258 Iowa 969; 140 NW2d 719 (1966); *Valdes v Prudence Mutual Casualty Co,* 207 So 2d 312 (Fla App, 1968).

[5] *Bolt v Life & Casualty Ins Co of Tennessee,* 156 SC 117; 152 SE 766 (1930).

[6] It should be pointed out that plaintiff is not without protection here: the insurer of the motorcycle is obliged by statute to provide coverage for any person using the motorcycle with the named in-

offended when an insurance company does no more than comply with the terms of the statute. Allstate is not required by statute to provide coverage for non-owned vehicles driven by "other insureds". To do otherwise might well prevent insurance companies from efficiently assessing risks and spreading costs within the limits set by the act. Extending the scope of the act to require protection for persons not named in the insurance policy would fly in the face of the express language of the statute and constitute unwarranted judicial legislation.[7]

The order granting summary judgment for defendant-appellee Allstate is affirmed. No costs, a public question being involved.

All concurred.

---

sured's permission. It appears from the record that Cora was using the motorcycle with the permission, MCLA 257.520(b)(2); MSA 9.2220(b)(2), of its owner.

[7] The cases relied on by Cora to support his claim that the act requires Allstate to provide coverage in the present case are not in point. Both *Woods v Progressive Mutual Ins Co,* 15 Mich App 335; 166 NW2d 613 (1968), and *American Mutual Liability Ins Co v Chaput,* 95 NH 200; 60 A2d 118 (1948), involved *named insureds.*