## WHITTAKER CORPORATION v MICHIGAN MUTUAL LIABILITY COMPANY

1. Insurance—Policies—Language of Policy—Exclusions—Construction.

    Insurance policies containing ambiguities, especially exclusionary language, are construed against the insurer and most favorably to the insured, but policies must be construed in accordance with the ordinary and popular sense of the language used, so as to avoid strained interpretations.

2. Appeal and Error—Judges—Findings—Conclusions.

    The Court of Appeals does not normally disturb findings of a trial judge unless, following a review of the entire record, it would have arrived at a different conclusion.

3. Insurance—Policies—Language of Policy—Container—Definitions.

    A "container" may be any sort of a device which contains a product in a definite place, thus steel straps and bands which held a steel coil in place on a wooden skid constituted a container within the meaning of a products hazard exclusion in an insurance policy which referred to "any container thereof, other than a vehicle".

Appeal from Wayne, John D. O'Hair, J. Submitted Division 1 November 13, 1974 at Detroit. (Docket No. 18639.) Decided January 28, 1975.

Complaint by Whittaker Corporation against Michigan Mutual Liability Company for reimbursement under a policy of insurance for money paid by plaintiff to an injured party. Judgment for defendant. Plaintiff appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 43 Am Jur 2d, § 257 et seq.
[2] 5 Am Jur 2d, Appeal and Error § 844.

*Bromberg, Robinson, Shapero & Cohn* (by *Michael M. Jacob),* for plaintiff.

*Harvey, Kruse & Westen, P. C.,* for defendant.

Before: BASHARA, P. J., and DANHOF and VAN VALKENBURG,* JJ.

VAN VALKENBURG, J. The principal issue in this appeal is whether or not a steel strapping along with similar coils, bands or strips encircling steel coils, mounted on a skid of wood, can be defined as a container.

The plaintiff, a dealer in the business of buying, warehousing, processing, and selling steel materials, often purchased coils with widths of from 48 to 60 inches. These were slit down to a size required by the buyers. On or about January 29, 1965, two orders were shipped to the Greenfield Company of Oak Grove Village, Illinois. While these products were being moved in the purchaser's plant, an employee was injured by reason of the falling and coming apart of one of the steel coils. On November 30, 1965, the defendant advised the plaintiff that the policy did not provide coverage for the accident involved.

The injured employee on January 16, 1967 brought suit against the plaintiff in the United States District Court for the Eastern District of Michigan. This was settled in July of 1971 for the sum of $17,500. Payment thereof by the Continental Casualty Company, which carried an umbrella access third-party liability policy, was denied as the plaintiff was self-insurer for the first $25,000.

The litigation against the defendant was submitted on an agreed statement of facts which brings

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

into play the "products hazard" exclusion, defined in the policy as follows:

"(c) Products Hazard. The term 'products hazard' means

"(1) goods or products manufactured, sold, handled or distributed by the named insured or by others trading under his name, if the accident occurs after possession of such goods or products has been relinquished to others by the named insured or by others trading under his name and if such accident occurs away from premises owned, rented or controlled by the named insured or on premises for which the classification stated in division (a) of the declarations excludes any part of the foregoing; provided, *such goods or products shall be deemed to include any container thereof,* other than a vehicle, but shall not include any vending machine or any property, other than such container, rented to or located for use of others but not sold * * * ."

The law is well settled in Michigan that policies containing ambiguities, especially exclusions, are construed against the insurer and most favorably to the insured. *Weaver v Michigan Mutual Liability Co,* 32 Mich App 605, 609; 189 NW2d 116 (1971). However, policies "must be construed in accordance with the ordinary and popular sense of the language used, so as to avoid strained interpretations". See *Cora v Patterson,* 55 Mich App 298, 300; 222 NW2d 221 (1974), and cases cited therein. The trial court, in its opinion, made the following finding:

"The word 'container' as used in the subject exclusionary clause, creates no ambiguity or uncertainty as to what was intended thereby. There is nothing to suggest that the word was intended to be used in any other than its ordinary and common usage."

Normally, we do not disturb findings of a trial

judge unless, following a review of the entire record, we would have arrived at a different conclusion. *In re Hartman Estate,* 51 Mich App 192; 215 NW2d 202 (1974).

The only case, factually similar, which has been brought to our attention, is *Lewis Card & Co v Liberty Mutual Ins Co,* 127 Ga App 441; 193 SE2d 856 (1972). There cables were placed around a textile machine, weight 28,000 pounds, for purposes of shipment. They broke, during a movement, and the machine was damaged. The plaintiffs argued that the cables were for lifting purposes only, but the court held that they, in truth and in fact, constituted a container according to the custom of the trade.

The American College Dictionary defines the term container as "(1) One who or that which contains. (2) a vessel, receptacle, or other containing or enclosing structure." Other definitions refer to a box, jar or can.

Application of these definitions to the product involved indicates that the steel coils were contained by bands and straps which held the roll in place on the skid. Therefore, the roll was contained in a certain position. The exclusion in the policy states "such goods or products shall be deemed to include *any* container thereof". Therefore, the container need not be a box, can, or complete covering, but any sort of a device which contains the product in a definite place. The expression "any container" is unambiguous and connotes a clear and understandable common meaning. Any other interpretation would be strained and not according to ordinary usage. Accordingly we hold that the analysis of the law and facts made by the trial judge was correct.

Affirmed. Costs to defendant.