408 So.2d 958 (1981)
70TH STREET FOOD STORE, INC., Plaintiff-Appellee,
v.
NORTHEASTERN FIRE INSURANCE COMPANY OF PENNSYLVANIA, Defendant-Appellant.
No. 14723.
Court of Appeal of Louisiana, Second Circuit.
December 7, 1981.
*959 Cook, Yancey, King & Galloway by Herschel E. Richard, Jr. and Cynthia C. Anderson, Shreveport, for defendant-appellant.
Gahagan & Gahagan by Henry C. Gahagan, Jr., Natchitoches, for plaintiff-appellee.
Before PRICE, HALL and JASPER E. JONES, JJ.
PRICE, Judge.
Plaintiff, 70th Street Food Store, Inc., brought this action for recovery of losses alleged to be within the coverage of a robbery and burglary policy issued by Northeastern Fire Insurance Company of Pennsylvania. Plaintiff also sought penalties and attorney fees pursuant to La.R.S. 22:658. The trial court found the loss was covered by the policy and rendered judgment in the sum of $6,775, but denied recovery of penalties and attorney fees. Defendant appeals, and by way of answer to the appeal, plaintiff seeks an award for penalties and attorney fees.
The facts surrounding the loss are not seriously in controversy. Late in the afternoon of April 19, 1979, Margaret Little, a cashier employed by plaintiff, observed a suspicious person lurking about the manager's office in the front of the store. When Mrs. Little approached to investigate, an unknown male person ran towards her from the office and then fled the store. The owner and store manager, attending to business in the back of the store, were unaware of the incident, but were summoned immediately thereafter. A subsequent investigation determined that $6,775 had been taken from an unlocked safe located in the office.
The policy of insurance issued by defendant provides coverage for robbery committed inside the premises. Robbery is defined in pertinent part as:
... the taking of insured property (1) by violence inflicted upon a messenger or a custodian; (2) by putting him in fear of violence; (3) by any other overt felonious act committed in his presence and of which he was actually cognizant, provided such other act is not committed by an officer, partner or employee of the insured;...
The policy further provides that "custodian" means:
... the insured, a partner therein or an officer thereof, or any employee thereof *960 who is in the regular service of and duly authorized by the insured to have the care and custody of the insured property within the premises, excluding any person while acting as a watchman, porter or janitor.
At trial defendant contested the suit on the theory that Mrs. Little was not a "custodian" of the insured property, therefore no coverage was provided because a "custodian" was not "actually cognizant" of the robbery as required by the policy. The trial court, in finding coverage under the insurance policy, ruled that the particular facts of this case show Mrs. Little was the custodian of the office and its contents while watching the office in the absence of the manager.
To qualify as a "custodian" under the terms of the policy, Mrs. Little must have had the "care and custody" of the insured property at the time of the loss. The determination of this issue necessarily depends upon the characterization of the duties and responsibilities of Mrs. Little.
As a cashier, Mrs. Little's duties include servicing customers and bagging groceries. When the manager is away from the office, she is responsible for protecting the office from unlawful intrusion. If a customer requiring services approaches the office, it is her duty to assist the customer by locating the manager.
Contending the trial court erred in finding coverage, defendant urges this court to follow the rationale of Huron Bowl, Inc. v. Security Ins. Co. of New Haven, 165 N.W.2d 265, 14 Mich.App. 62 (1968), where the court interpreted a similar policy provision and denied coverage.
We do not find Huron to be persuasive authority and choose not to follow it for two reasons. First, the dispositive determination in Huron revolved around the court's finding that plaintiff's employee was acting as a watchman at the time of the theft. In that case, the policy expressly excluded any custodian while acting as a watchman, porter, or janitor. Thus, the court was never really called on to decide whether the employee could have otherwise qualified as a custodian.
In Demary v. Royal Indemnity Co., 185 So. 662 (La.App. 1st Cir. 1939), the court succinctly pointed out the difference between employees and watchmen:
... The former (employees) are there principally as servants and agents of the employer to carry on his business and serve his customers, and only incidentally to protect and defend the property of the employer, while the latter (guards and watchmen) are there to repel with force if necessary any attempt to take the employer's property, their principal duty being to protect the property, and not to attend the business or serve the customers of the employer.
It is clear that at the time of the robbery, Mrs. Little was not acting as a watchman of the insured property, therefore, Huron is not on point.
Secondly, and more importantly, the court in Huron was of the opinion that a policy which defines "custodian" as an employee who has the "care and custody" of the insured property is not ambiguous. We disagree.
"Care and custody" is an ambiguous term that is subject to differing interpretations according to the circumstances. Insurance policies are to be construed in their ordinary and popular sense, with any ambiguities construed against the insurer which prepared the policy and in favor of coverage. Insurance Co. of North America v. Solari Parking Inc., 370 So.2d 503 (La. 1979); Credeur v. Luke, 368 So.2d 1030 (La. 1979).
Since Mrs. Little was responsible for the office and its contents in the absence of the manager, we agree with the trial court that she was a "custodian" of the property at the time of the robbery.
Plaintiff has asked for penalties and attorney fees pursuant to La.R.S. 22:658, claiming defendant's failure to pay the full amount sued for was arbitrary and capricious. Since the instant case presented a genuine issue as to coverage and the insurer *961 had a reasonable basis on which to defend his claim, we hold that imposition of the statutory penalties is not warranted.
For the reasons assigned, the judgment of the trial court is affirmed at defendant's costs.