GOTHARD, Judge.
This is an appeal from summary judgment dismissing the plaintiffs’ suit against a shoring contractor’s insurer. We reverse and remand for trial of the merits.
Mr. and Mrs. Nelson Dufrene contracted with Ace Builders Service Company for shoring of a house they had recently purchased in Slidell. The contract included raising the house, installing “4" X 4" X 8' square tubular steel columns W/V2" steel plate 1' X 1' bolted top and bottom,” leveling as needed, and pouring pilings with bolts inserted to accept the metal plates on the columns; in addition Ace was to install a wooden staircase eight feet high. American Colonial Insurance Company was liability insurer for the contractor; however, its policy was not filed into the record, and we have only the insurer’s counsel’s statement to the effect that it was a “general liability policy, which is designed to protect against third-party liability.”
The work began in June, 1983. When the men began leveling the house it fell off the jacks and was virtually destroyed, along with household possessions of the tenants. Mr. and Mrs. Dufrene filed suit against Ace and American Colonial for damage to the house, but service could not be made upon Ace, which presumably has disbanded.
American Colonial denied coverage on the basis of an exclusionary clause in the policy and on December 19,1985 moved for summary judgment. The motion was heard on April 30, 1987, and memoranda were requested. The judge then granted summary judgment on November 16, 1987.
The plaintiff raises two issues on appeal: 1) whether the exclusion in the policy is applicable to the facts and 2) whether or not the judge was correct in granting summary judgment.

Exclusionary Clause

The exclusionary clause, k(3), upon which the defendant denied coverage reads as follows:
This insurance does not apply: ... to damage to ... property in the care, custody or control of the insured or as to which the insured is for any purpose exercising physical control.
In its appellate brief American Colonial refers to a second clause, (0), excluding damage to the insured’s work product. We do not consider this argument as it was not raised prior to the appeal. Uniform Rules of Courts of Appeal, No. 1-3.
Exclusionary clauses similar to k(3) are frequently written into general liability policies. In H.E. Wiese, Inc. v. Western Stress, Inc., 407 So.2d 464, 466 (La.App. 1st Cir.1981), the court stated the law as follows:
*1330 .. .The law is clear that where the damaged property is the subject of the work performed, it is deemed to be in the care, custody, and control of defendant. See Hendrix Elec. Co., Inc. v. Casualty Reciprocal Exch, 297 So.2d 470 (La.App. 2nd Cir.1974)....
The court’s determination that the damaged property in Wiese was in the care, custody, and control of the insured contractor was deemed to be a finding of fact.
In 70th St. Food Store v. Northeastern Fire Ins., 408 So.2d 958, 960 (La.App. 2nd Cir.1981), the court explained:
“Care and custody” is an ambiguous term that is subject to differing interpretations according to the circumstances. Insurance policies are to be construed in their ordinary and popular sense, with any ambiguities construed against the insurer which prepared the policy and in favor of coverage. [Citations omitted.]
See also Borden, Inc. v. Howard Trucking Co. Inc., 372 So.2d 242 (La.App. 1st Cir. 1979), writ denied 373 So.2d 544 (La.1979).
The appellees’ position is that the house was the subject of the contract and damage to it is excluded under the policy. As the tenants had vacated the house for the period of the changes to the foundation, the damaged property was in the care, custody, and control of the insured contractor.
The appellants point out that the reason for the exclusionary clause is to avoid the possibility of the insured’s falsifying or exaggerating a loss for his own benefit; here the property belongs to others and the reason does not exist. See Hendrix Elec. Co., Inc. v. Casualty Reciprocal Exch., supra. No work on the house itself was contemplated, only changes to the foundation. The tenants had not given up the house, as they paid the utilities and left their possessions in it while they stayed elsewhere temporarily during the construction.

Summary Judgment

The evidence in the record is at this time insufficient to support a finding that the house was in the care, custody or control of the insured and that coverage is clearly excluded by the terms of the policy; therefore, there exists a material question of fact which may only be resolved by a trial of the merits. La.C.C.P. art. 966, 967.
Accordingly, for the reasons assigned above, the judgment appealed from is reversed and the case is remanded for further proceedings.
REVERSED AND REMANDED.