HARTWIG v. SOUTHERN SURETY CO.
(No. 6260.)

(Court of Civil Appeals of Texas. San Antonio.
Oct. 29, 1919. Rehearing Denied
Nov. 26, 1919.)

1. INSURANCE ⬅️452—RECOVERY UNDER AC-
CIDENT INSURANCE FOR DEATH OF ONE TRAV-
ELING AS PASSENGER.

Where accident policy provided for specific
indemnity for loss of life "only when * * *
sustained in the manner specified in section D,
clause I," which specified accidents while in-
sured was traveling as a passenger, beneficiary
could not recover thereon for death of insured,
which occurred in a manner not specified in
such clause, but in a manner specified in an-
other clause of section D, even though there
was no provision in policy for indemnity for
death resulting from accidents sustained in
manner specified, in such other clause, where
there was another section in policy referring to
all clauses of section D.

2. INSURANCE ⬅️146(1)—THAT POLICY WAS
UNFAVORABLE TO INSURED IMMATERIAL.

That a policy is a poor one for the insured
cannot alter or affect its provisions.

Error from District Court, Bexar County;
S. G. Tayloe, Judge.

Suit by Bertha Hartwig against the South-
ern Surety Company. From a judgment giv-
ing her insufficient relief, plaintiff brings er-
ror. Affirmed.

Don A. Bliss, Benj. A. Greathouse, and T.
T. Vanderhoeven, all of San Antonio, for
plaintiff in error.

W. S. Peyton, of San Antonio, for defend-
ant in error.

MOURSUND, J. Bertha Hartwig sued
Southern Surety Company for $7,500, besides
interest, penalty, and attorney's fees, on an
insurance policy insuring her husband, Ru-
dolph Hartwig, against accidents and illness.
The company denied all liability, except for
$200, which it tendered into court. The case
was tried on an agreed statement of facts,
and resulted in a judgment for Mrs. Hartwig
for $200.

The only question necessary to be decided
is whether the policy provided for the pay-
ment of $7,500 in case Hartwig died from the
result of an accident such as caused his
death. The portions of the policy necessary
to be considered are as follows:

"In consideration of the statements in the
application, a copy of which is indorsed here-
on and made part hereof, and of fifteen dollars
($15.00) premium, hereby insures Rudolph
Hartwig, herein called the insured, the person
described in the· copy of the application, sub-
ject to all the provisions and limitations here-
inafter contained, for the term of one year
from noon, standard time, of the day and at

the place this policy is dated, against the ef-
fects of bodily injuries caused directly, solely,
and independently of all other causes by ex-
ternal, violent, and accidental means, which
bodily injuries or their effect shall not be caus-
ed wholly or in part, directly or indirectly,
by any disease, defect, or infirmity, and which
shall from the date of the accident result in
continuous disability, and also against the ef-
fects of sickness, as follows:

"Accident Indemnities.

"The company will pay:

"Section A.

"For loss of—

| | |
|---|---|
| Life, the principal sum of | $7,500 00 |
| Both hands, by complete severance at or above the wrist | 7,500 00 |
| Both feet, by complete severance at or above the ankles | 7,500 00 |
| One hand and one foot, by complete sever-ance as defined above | 7,500 00 |
| Entire sight of both eyes if irrecoverably lost | 7,500 00 |
| Either hand, by complete severance at or above the wrist | 1,875 00 |
| Either foot, by complete severance at or above the ankle | 1,875 00 |
| Entire sight of one eye, if irrecoverably lost | 1,125 00 |

—resulting within thirty days from date of ac-
cident solely from such injuries which shall
have caused continuous total disability from
date of accident to date of loss, but only when
such injuries are sustained in the manner speci-
fied in section D, clause I.

"Section B.

"For loss of time, fifty dollars ($50.00) per
week.

"The company will pay indemnity at the rate
of fifty dollars ($50.00) per week, not exceeding
fifteen consecutive weeks, if such injuries shall
from date of accident continuously and wholly
prevent the insured from attending to any and
every kind of business, but only when such
injuries are sustained while traveling as a
passenger in a place regularly provided for
passengers, within any common carrier's pub-
lic. passenger conveyance (animals, ·aerial ma-
chines, or conveyances excepted), and only when
such injuries shall be caused by the wrecking
of such conveyance.

"Section C.

"For loss of time, twenty-five· dollars ($25.00)
per week.

"The company will pay indemnity at the rate
of twenty-five dollars ($25.00) per week, not
exceeding fifteen consecutive weeks, if such
injuries shall from date of accident continuous-
ly and wholly prevent the insured from attend-
ing to any and every kind of business, but only
when such injuries are sustained in any man-
ner specified in section D.

"Section D.

"I. While traveling as a passenger in a place
regularly provided for passengers, within any
common carrier's public passenger conveyance

(animals, aerial machines, or conveyances excepted), or * * *

"II. While riding within a conveyance drawn by horse power, provided that the insured shall not then be a hired driver thereof, nor be riding or driving in or upon any conveyance containing any merchandise or used for any business purpose or any work whatsoever (but this exception shall not apply to any physician or surgeon then employed in the practice of his profession, or any commercial traveler or buyer selling or buying goods from sample for future delivery only), and only in case of an accident which shall materially injure the conveyance; or * * *

"Section E.

"The company will pay for loss of life of the insured which results within thirty days from date of accident, solely from such injuries caused by any accident in or out of business, if not otherwise covered by this policy, and which shall have caused continuous total disability from date of accident to date of loss, the sum of two hundred dollars ($200.00)."

The only provision in the policy in which the company binds itself to pay $7,500 for loss of life is contained in section A, and in the latter part of the section liability is limited expressly to cases in which the injuries are sustained in the manner specified in section D, clause I. Hartwig did not lose his life in the manner stated in section D, clause I, but in the manner stated in section D, clause II.

Section B provides for an indemnity at the rate of $50 per week for loss of time for injuries sustained in the manner pointed out in clause I of section D. Instead of referring to clause I of section D, the language thereof is copied in section B, perhaps to render inconspicuous the limitation to the effect that the section will only apply "when such injuries shall be caused by the wrecking of the conveyance." Section C provides for indemnity at the rate of $25 per week for loss of time, if the injuries are sustained in any manner specified in section D. So far the policy appears to be plain in its terms, although the terms are perhaps subject to the criticism that as drawn the unwary might easily overlook the fact that section A is limited in its operation to clause I of section D, instead of all of section D.

[1, 2] Section E provides for the payment of $200 for loss of life. At first glance this provision appears to provide only for the payment of $200, if the accident causing death was one not otherwise covered by the policy; but it is possible that the words, "if not otherwise covered by this policy," were intended to relate back to the words for "loss of life." Plaintiff in error contends that the first construction is the proper one, and that therefore the policy fails to provide for payment of any sum whatever for death resulting in the manner described in clauses II to XIV, inclusive, of section D. We fail to see how this fact, if it be a fact, can aid plaintiff in error. The fact that a policy is a poor one for the insured cannot alter or affect its provisions. There is no ambiguity in section A, which is the only one that provides for the payment of $7,500. It plainly provides that the sum is payable only in the event death resulted from such an accident as is covered by clause I of section D. It may be admitted that section E is ambiguous with reference to the description of accidents resulting in death, which will entitle the beneficiary to $200, but only $200 is involved in the construction thereof, and not $7,500. Again, it may be admitted that no provision has been made for payment of any sum in case death resulted in any one of the ways described in clauses II to XIV of section D, but that fact would not bring about any ambiguity with respect to the provision for paying $7,500 only in case death resulted in the manner specified in clause I of section D.

The suggestion that, unless section A refers to all of section D, and not merely clause I, the other clauses of section D are surplusage, is without merit, for section C refers to all of section D, and thus accounts for the inclusion in the policy of clauses II to XIV of that section.

There is no contention that there is any doubt or uncertainty concerning what is meant by section D, clause I, and there can be no doubt that there is no provision of the policy to the effect that $7,500 will be paid if death results in the manner described in clause II.

While we concede the correctness of the rules of law relied upon by plaintiff in error with reference to the construction of insurance policies, we find no occasion for applying the same in this case, for the language of the policy, in so far as it relates to the payment of $7,500, is plain.

Judgment affirmed.