(103 So. 259)

No. 25038.

### FERRIS v. SOUTHERN SURETY CO.

(Feb. 2, 1925.  Rehearing Denied March 2, 1925.)

*(Syllabus by Editorial Staff.)*

1. **Insurance** ⟨≡⟩458—**Death from gas held not within policy.**

No recovery could be had on policy, wherein death caused by gas was excepted as ground for recovery, unless insured were engaged in certain enumerated occupations, where insured died from gas asphyxiation, and there were no allegations bringing him within exceptions.

2. **Insurance** ⟨≡⟩455—**Death by gas held not "external violent, and accidental."**

Death from gas asphyxiation during night *held* not "external, violent, and accidental" within clause in policy providing partial recovery for such death from causes for which indemnity was not specifically provided; death by gas not being effected by external violence.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, External, Violent, and Accidental Means.]

Rogers and Thompson, JJ., dissenting.

Appeal from Civil District Court, Parish of Orleans; E. K. Skinner, Judge.

Action by Mrs. Luverda Ferris against the Southern Surety Company.  Judgment for plaintiff, and defendant appeals.  Judgment below avoided, exception sustained, and suit dismissed.

Dufour, Goldberg & Kammer, of New Orleans, for appellant.

Joseph Rosenberg and Geo. P. Platt, both of New Orleans, for appellee.

BRUNOT, J.  Plaintiff is the beneficiary named in a limited accident and sickness insurance policy.  Her son, Willie Ferris, Jr., was the insured.  While the policy was in force, the insured died from gas asphyxiation.  The petition alleges that the insured's death resulted from accidental causes; that defendant was notified thereof and proof of death properly filed, but, notwithstanding her compliance with these requirements, the defendant declines to recognize plaintiff's rights or to pay her the proceeds of the policy.  The policy is attached to and made a part of the petition, and plaintiff invokes the penalties prescribed by Act No. 310 of 1910, and prays for judgment against defendant for twice the amount of the policy and for $500 attorneys' fees, with legal interest on said sums from judicial demand and for costs.

Defendant excepted to the petition upon the ground that it did not disclose a right or cause of action.  This exception was referred to the merits, and defendant answered the petition.  The answer admits the corporate capacity of defendant, its alleged domicile, and that it is doing business in New Orleans,

La. It admits issuing the policy sued upon; that it received adequate consideration therefor; that plaintiff is named as the beneficiary therein, and that, in the event the death of the insured had occurred through one of the certain causes stipulated in the policy, the beneficiary would be entitled to recover $2,500. It admits that it was notified of the death of the insured, but it denies that proof of loss, as required by the provisions of the policy, has been filed with it, or that it is indebted to plaintiff in any sum, because, under the provisions of the policy sued on, the death of the insured, if caused by gas, was excepted from the risk assumed by defendant.

The case was tried and judgment was rendered in favor of plaintiff for $2,500, with legal interest from judicial demand and for the costs. From this judgment defendant appealed.

[1] The lower court did not directly pass upon defendant's exception of no right or cause of action, but in the reasons for judgment (Trans. p. 17) it appears that the defense to the suit on the merits was that "death by gas was not covered by the policy," and as the exception was based upon this contention, the judgment, as rendered, indirectly overrules it.

We think that there is merit in the exception and that it must be seriously considered.

The policy contains six sections, A, B, C, D, E, and F. These sections are subdivided into clauses. In addition to these sections, there are twenty "Standard Provisions," and seven "Other Provisions." The defendant relies upon clause (b), under the heading "Other Provisions," and clause (12) of section A. We quote the pertinent part of clause (b) viz.:

"This insurance does not cover disappearance; or suicide or attempt thereat, sane or insane; or loss from injuries, fatal or otherwise, except drowning; * * * or *from injuries fatal or otherwise, resulting wholly or in part,*

*directly or indirectly from, or while, or in consequence of being affected by intoxicants, narcotics, anæsthetics, gas, corrosives, poison, infection, poisonous substances, except as provided in section A, clause 12. * * *"* (Italics by the court.)

Section A, clause 12, is as follows:

"Or in the event that a legally qualified physician, surgeon, dentist or nurse, while holding an autopsy or performing a surgical operation, or a legally qualified undertaker while embalming or preparing a body for burial, actually cuts or wounds himself or herself and by reason of such cutting or wounding and simultaneously therewith be innoculated with poison."

The foregoing clauses require no interpretation. They are clear and unambiguous. Injuries or death resulting wholly or in part, directly or indirectly, from or while affected by gas is not covered by the policy, except the insured be a physician, surgeon, dentist, or nurse or undertaker, who becomes innoculated with poison in the manner and at the time stated in section A, clause 12.

As the policy sued on is made a part of the petition and as the petition does not allege facts bringing the insured within the exceptions noted, we are of the opinion that the exception of no right or cause of action should have been sustained and the suit dismissed. Hartwig v. Southern Surety Co. (Tex. Civ. App.) 216 S. W. 455; Paul v. Travelers' Ins. Co., 112 N. Y. 472, 20 N. E. 347, 3 L. R. A. 443, 8 Am. St. Rep. 758; Jones v. Hawkeye Commercial Men's Ass'n, 184 Iowa, 1299, 168 N. W. 305, 11 A. L. R. 380.

[2] It is contended that under the provisions of section D, clause 1, the plaintiff is entitled to recover one-twentieth of the amount of the policy, and to this extent her action should be maintained, and judgment should be rendered in her favor.

The clause relied upon follows:

"Should the insured sustain during the term of this insurance, *bodily injuries effected exclusively by external, violent and accidental*

*means*, and for which no other indemnity is provided in this policy, which shall independently of all other causes, result in death within thirty (30) days from the date of accident, the company will pay one-twentieth (1/20) of the amount stated in section A, in first year of policy for similar loss." (Italics ours.)

The words we have italicized are plain and comprehensible. No recovery can be had under the quoted clause unless the insured is injured exclusively by "external, violent, and accidental means." If "or" be substituted for "and" between the words "violent" and "accidental," there would be some merit in plaintiff's contention. But the clause as written requires that the injuries shall result from accidental means and be effected by external violence. The petition alleges:

"That on or about September 12, 1918, the said Willie Ferris, Jr., met his death as a result of accidental asphyxiation by gas while asleep in a room at the county of Lake, township of North, in the Town of East Chicago, in the state of Indiana. * * *"

There is no suggestion that he was otherwise injured. In the reasons of the trial judge it is said, with reference to the defense to the suit, that—

"The defense is that death by gas was not covered by the policy. The particular paragraph relied on was apparently designed to exclude dangerous occupations and death resulting therefrom, but the evidence in this case shows that the deceased was not occupied in any dangerous occupation. He had retired for the night and was suffocated during his sleep, all of which was purely accidental and occupational."

As a matter of fact, the clause relied upon expressly excepts from its operation loss from injuries or death, from or while affected by *gas*, whatever may have been the occupation in which the insured was, at the moment, engaged; and the clause relied upon by plaintiff for the recovery of one-twentieth of the amount of the policy expressly excepts from its operation loss from injuries or death, resulting from any cause

except by external, violent, and accidental means.

For these reasons, it is decreed that the judgment appealed from be avoided; the exception of no right or cause of action is sustained, and this suit is dismissed. Appellee to pay costs of appeal.

O'NIELL, C. J., concurs in the result, because of the provision in section D, clause 12, that the insurance did not cover death from injuries "resulting from, or while or in consequence of being effected by gas"; but the Chief Justice is of the opinion that the question whether the death by gas asphyxiation was by external or violent means as described in section D, clause 1, is a matter of no importance.

ROGERS and THOMPSON, JJ., dissent, being of the opinion that plaintiff should recover one-twentieth of the policy under section D, clause 1.