DORAN v THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES

1. APPEAL AND ERROR—TRIAL—JUDGMENT NOTWITHSTANDING VERDICT —JURY QUESTION.

   The Court of Appeals, in reviewing a court's grant of a motion for judgment notwithstanding the verdict, must view the facts in a light most favorable to the plaintiff; the test is whether from the facts upon such favorable view reasonable men could honestly reach different conclusions, and if so, the question is for the jury.

2. EVIDENCE—INFERENCES—JURY.

   A jury may not base an inference upon an inference.

3. INSURANCE—CONTRACTS—CONSTRUCTION OF CONTRACTS.

   Weight must be given to the ordinary meaning of words and strained interpretations should be avoided in construing contracts of insurance.

Appeal from Wayne, John R. Kirwan, J. Submitted Division 1 December 4, 1974, at Detroit. (Docket No. 19030.) Decided February 12, 1975.

Complaint by Jean A. Doran against The Equitable Life Assurance Society of the United States for recovery under a policy of insurance. Judgment for defendant. Plaintiff appeals. Affirmed.

*Temple & Cutler,* for plaintiff.

*Miller, Canfield, Paddock & Stone* (by *Carl H.*

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 886.
[2] 76 Am Jur 2d, Trial § 1111 et seq.
[3] 43 Am Jur 2d, Insurance § 257 et seq.

*von Ende* and *Christopher J. Dunsky)*, for defendant.

Before: J. H. GILLIS, P. J., and V. J. BRENNAN and PETERSON,* JJ.

J. H. GILLIS, P. J. Plaintiff appeals from the trial court's grant of a judgment notwithstanding the verdict. GCR 1963, 515.2.

Plaintiff initiated this action in circuit court alleging that she, as beneficiary of a $25,000 life insurance policy purchased by her late husband, was entitled to payment under that policy's double indemnity provision. This provision provided for double payment to the beneficiary if death resulted from an "accidental bodily injury * * * ". However, if the insured died from "any drug, poison, gas or fumes voluntarily or involuntarily taken, administered, absorbed or inhaled" the double indemnity benefits were payable only if the insured died in "an occupational accident resulting from a hazard incidental to the insured's occupation".

In reviewing the trial court's grant of a motion for judgment notwithstanding the verdict, we must view the facts in the light most favorable to plaintiff. The test is whether from the facts upon such favorable view, reasonable men could honestly reach different conclusions. If so, the question is for the jury. *Kroll v Katz,* 374 Mich 364; 132 NW2d 27 (1965); *Schuler v American Motor Sales,* 39 Mich App 276; 197 NW2d 493 (1972).

Viewing the evidence most favorably to plaintiff, we find the following facts: The insured, Robert J. Doran, was the owner of Doran Electric Company, an electrical contracting firm. As owner and prin-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

cipal executive officer, his primary responsibility was to secure business for the firm. As part of this responsibility, he often discussed bids and proposals over lunch and dinner during which alcohol was consumed. It was a practice of the industry to discuss business in this manner. On the evening of July 22, 1969, the insured discussed business over dinner and drinks at Pia's Pizzeria. He left there on July 23rd at 1:30 a.m., apparently in a sober condition. He stated to Pia's proprietor that he was going home. No one saw or heard from the insured until July 25th. On that day his wife found him dead on the floor of the garage of a home owned, but not resided in by Mr. and Mrs. Doran. Mr. Doran had been staying in that home repairing it for possible rental or sale. Medical tests revealed that the cause of death was "asphyxia, auto exhaust". These tests also revealed an amount of alcohol in the insured's system sufficient to render him intoxicated.

Plaintiff's theory of this case is that the insured died in "an occupational accident resulting from a hazard incidental to the insured's occupation". She contends that the insured was engaged in his occupation while at Pia's, and that drinking, which led to his failure to leave the garage, was a "hazard incidental to the insured's occupation".

In granting the judgment notwithstanding the verdict, the trial judge concluded that the "jury verdict was the product of conjecture and speculation". The judge reasoned:

"[The] testimony does not prove conclusively that decedent was engaged in his occupation at the time he was present in Pia's Pizzeria. It is possible that decedent was merely discussing his business with acquaintances at a social gathering, a common occurrence among doctors, lawyers and businessmen. Still the testi-

mony is such in my opinion that a jury might properly infer that Mr. Doran was engaged in his occupation at the time he was in the restaurant. The problem, however, as it relates to plaintiff's theory of the case, is that decedent did not die in the restaurant and for the jury to infer further that the decedent was working at the time of his demise, under the circumstances in which he was found, would be entirely speculative and would be basing an inference upon an inference, which by law is not allowable. * * * It must be remembered that decedent was not found until well over 50 hours from the time he left Pia's Pizzeria and there was no testimony that he was seen during this time. A myriad of possibilities thereby arises relating to the circumstances of decedent's death, none of which has any selective application from the proofs that decedent was engaged in his occupation when he met his death.

"It is also incumbent upon the plaintiff to establish by competent evidence that the death of the deceased resulted in an occupational accident resulting from a hazard incidental to the insured's occupation. * * * While it was testified to that normal and reasonable use of alcohol was customary in conducting the business of electrical contracting, still there is no testimony that normal and reasonable consumption of alcoholic beverages was the cause of death in this case. And, of course, there was no testimony that overindulgence as it relates to the consumption of alcoholic beverages was necessary in order for one to conduct the business of electrical contracting."

We agree with the trial judge's reasoning. The jury's verdict for plaintiff in this case could only have been reached by piling one inference upon another. This is impermissible. See *Ginsberg v Burroughs Adding Machine Co,* 204 Mich 130; 170 NW 15 (1918); *Kroon v Kalamazoo County Road Commission,* 339 Mich 1; 62 NW2d 641 (1954).

The trial judge also concluded that plaintiff's argument that intoxication was a "hazard incidental to the insured's occupation" was without merit.

We agree. It is elementary that in construing contracts of insurance we must give weight to the ordinary meaning of words and attempt to avoid strained interpretations. *Edgar's Warehouse Inc v United States Fidelity & Guaranty Co,* 375 Mich 598; 134 NW2d 746 (1965); *Huron Bowl, Inc v Security Insurance Co of New Haven,* 14 Mich App 62; 165 NW2d 265 (1968); *Weaver v Michigan Mutual Liability Co,* 32 Mich App 605; 189 NW2d 116 (1971). To permit a jury to conclude that intoxication is a "hazard incidental to the insured's occupation" would, under the facts of this case, permit a construction of those words beyond their ordinary meaning. *Wertman v Michigan Mutual Liability Co,* 267 Mich 508; 225 NW 418 (1934).

Affirmed. Costs to appellee.