52225. WARRICK et al. v. MID-STATE HOMES, INC.

Quillian, Judge.

The defendants appeal from an order granting the plaintiff a writ of possession for failure of the defendants to appear and answer. *Held:*

Code Ann. § 61-302 (b) (Ga. L. 1970, pp. 968, 969; 1971, p. 536) regarding proceedings against tenants holding over provides: "The summons served on the defendant pursuant to subsection (a) shall command and require the tenant to appear at a hearing on a day certain not less than five nor more than 20 days from the date of actual service."

Here, the summons was served on February 5, 1976, and the defendants' answer was filed on February 12, 1976. However, by order signed on February 11, 1976, and entered February 26, 1976, the trial judge found the defendants to be in default and granted the plaintiff possession of the premises in question.

CPA § 6 (a) (Code Ann. § 81A-106 (a); Ga. L. 1966, pp. 609, 617; 1967, pp. 226, 229, 230) provides: "In computing any period of time prescribed or allowed by this Title, by the local rules of any court, [by order of court, or] by an applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday or a legal holiday . . . *When the period of time prescribed or allowed is less than seven days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation.* This subsection shall apply whether the period is measured in days, months, years, or other unit of measurement of time." (Emphasis supplied.) This subsection is applicable to this proceeding which is "after the commencement of the action." *Davis v. U. S. F. & G. Co.,* 119 Ga. App. 374, 375 (167 SE2d 214); *Zeeman Mfg. Co. v. L. R. Sams Co.,* 123 Ga. App. 99, 101 (179 SE2d 552).

Here, the summons of February 5, 1976, read: "The defendants herein are hereby commanded and required personally or by attorney to be and appear at a hearing before the Presiding Judge of the Superior Court of Thomas County, Thomasville, Georgia, at *12:30 p.m., February 11, 1975* [inserted in ink] on the seventh (7th) day from the date of service of the within affidavit and summons (or on the first business day thereafter if the seventh day falls on Saturday, Sunday or legal holiday) then and there to answer said affidavit in writing or orally."

If the summons be construed as designating a time of seven days then February 12, 1976 would be the last day. If the summons be construed as fixing a lesser period, then 5 days computed under CPA § 6 (a) would exclude Saturday and Sunday; hence, the last day would still be no earlier than February 12, 1976. Thus, the answer filed on February 12, 1976 was timely and it was error to find the defendants to be in default.

*Judgment reversed. Deen, P. J., and Webb, J., concur.*

SUBMITTED MAY 24, 1976 — DECIDED JULY 12, 1976.

*B. T. Edmonds, Charles M. Baird,* for appellants.
*Edwin F. Hunt,* for appellee.