56680, 56681. GREER v. IDS LIFE INSURANCE COMPANY; and vice versa.

Shulman, Judge.

Appellant, as beneficiary, brought suit to recover proceeds under an accidental death benefit clause of a life

and accident insurance policy issued by appellee-IDS Life Insurance Co. The trial court found that the insured's death was not within the coverage afforded by the accidental death provisions in the policy and, accordingly, granted summary judgment in favor of the insurer as to this issue. We reverse the judgment.

1. Certain facts are not disputed. The insured was an entertainer residing in Augusta, Ga., who was temporarily in Raleigh, N. C., performing for a local supper club. The insured died as a result of carbon monoxide inhalation (apparently from a defective heater) while sleeping in a friend's guest house.

The accidental death benefits provision of the insurance policy in force at the time of the insured's death contained a clause excluding such benefits if the insured's death resulted from or was contributed to by ". . . poison, drugs or gas, whether taken, administered or inhaled voluntarily or accidentally or otherwise, except in the course of the Insured's occupation."

The main issue presented in this appeal involves determining whether the insured met his death while "in the course of the Insured's occupation." If he did not, then the beneficiary would not be entitled to accidental death benefits. See *Vaughan v. Gulf Life Ins. Co.,* 64 Ga. App. 590 (13 SE2d 715).

A. Counsel devote much of their argument to factually similar workers' compensation cases discussing whether an injury arose in the course of employment. Although other jurisdictions have relied on workers' compensation cases in construing insurance policies containing language similar to the one involved here (see, e.g., Hendrix v. Nat. Life & Acc. Ins. Co., 356 S2d 1199 (Ala.)), we decline to do so. Although workers' compensation cases may be persuasive, principles of contract law, and not those of workers' compensation law, apply. See, e.g., *State Farm Mut. Auto. Ins. Co. v. Dilbeck,* 120 Ga. App. 740 (4) (172 SE2d 139), where this court applied principles of contract construction but observed that the same result would obtain under workers' compensation law. We note that this policy does not refer to any workers' compensation statutes, nor does it use the language of that law. See generally First Pyramid Life

Ins. Co. of Am. v. Thornton, 250 Ark. 727 (467 SW2d 381).

B. In construing an insurance policy, "[t]he test is not what the insurer intended its words to mean, but what a reasonable person in the position of the insured would understand them to mean. The policy should be read as a layman would read it and not as it might be analyzed by an insurance expert or an attorney." *Nationwide Mut. Fire Ins. Co. v. Collins,* 136 Ga. App. 671, 675 (222 SE2d 828). "Where a provision in a policy is susceptible to two or more constructions, the courts will adopt that construction which is most favorable to the insured. [Cit.]" *Prudential Ins. Co. of Am. v. South,* 179 Ga. 653, 656 (177 SE 499). See also, *Welch v. Professional Ins. Corp.,* 140 Ga. App. 336 (231 SE2d 103).

C. We decline to construe this policy strictly so as to afford accidental death benefit coverage only when the death occurred in the course of employment. See *Prudential Ins. Co. of Am. v. South,* supra, p. 657, as to the distinction between "work" and "occupation." This policy affords coverage when death occurs "in the course of the Insured's occupation." As to the definition of "occupation," see Key Life Ins. Co. v. Back, 45 Ala. 342 (230 SE2d 532, 533); Youngwirth v. State Farm Mut. Auto. Ins. Co., 258 Iowa 974 (140 NW2d 881, 885); Security Ins. Group of Hartford v. Parker, 289 N. C. 391 (222 S2d 437). Had the insurance company desired coverage to be more restrictive, it could have drafted the policy accordingly. Compare Ferris v. Southern Surety Co., 157 La. 909 (103 S 259), where the policy expressly enumerated those occupations and defined the circumstances under which the exclusion was inapplicable. See also Doran v. Equitable Life Assur. Society of U. S., 58 Mich. App. 507 (228 NW2d 437), where a policy provided accidental death benefits for death from gas inhalation only if the insured died in "an occupational accident resulting from a hazard incidental to the insured's occupation."

2. "Where an insurance company seeks to invoke an exclusion contained in its policy, it has the burden of showing that the exclusion exists and the facts of the case come within it. [Cit.]" *Cotton States Mut. Ins. Co. v. American Mut. Liab. Ins. Co.,* 140 Ga. App. 657, 658 (231

SE2d 553). IDS has not met its burden here.

In order to show that the facts of the case came within the exclusion, on summary judgment it was incumbent on IDS to prove that at the time of the insured's death, he was not in the course of his occupation.

Here, the insured was an entertainer performing away from home. We are not prepared to hold, as a matter of law, that securing lodging was not incidental to his occupation and not in the course thereof. Accordingly, the trial court erred in granting summary judgment in favor of the insurance company.

3. The trial court properly granted summary judgment in favor of the insurer as to plaintiff's claim of bad faith. *Life Ins. Co. of Ga. v. Burke,* 219 Ga. 214 (1) (132 SE2d 737); *Ga. Farm Bureau Mut. Ins. Co. v. Calhoun,* 127 Ga. App. 213 (2) (193 SE2d 35).

4. In a cross appeal, IDS urges that the trial court erred in denying its motion for summary judgment as to a claim of another party in this litigation.

Appellant concedes that the interlocutory review procedure has not been followed and recognizes that the cross appeal is procedurally improper, but urges us to consider the issue. We are without jurisdictional authority to do so. Compare *Stallings v. Chance,* 239 Ga. 567 (238 SE2d 327).

*Judgment reversed in part, affirmed in part, in Case No. 56680. Cross appeal dismissed in Case No. 56681. Bell, C. J., and Birdsong, J., concur.*

ARGUED OCTOBER 10, 1978 — DECIDED JANUARY 29, 1979 — REHEARING DENIED FEBRUARY 15, 1979 IN CASE NO. 56680 —

*Hull, Towill, Norman, Barrett & Johnson, John L. Creson,* for appellant.

*Dye, Miller, Bowen & Tucker, A. Rowland Dye, Thomas W. Tucker,* for appellee.