## 57247. HERRING v. MIDDLE GEORGIA MUTUAL INSurance company.

McMURRAY, Presiding Judge.

The plaintiff brought this action against the defendant insurer seeking recovery in the sum of $7,500 for a loss by fire of unscheduled property under the provisions of a homeowner's insurance policy issued by defendant. He also seeks to recover the statutory penalty plus reasonable attorney fees for the refusal of the defendant to pay the sum claimed by reason of bad faith.

The complaint alleges the loss occurred on June 15, 1977, which is admitted by the defendant. A copy of the policy is attached to the petition. It provides as follows: "No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within 12 months next after inception of the loss."

Both in the defendant's answer and by separate motion it moved to dismiss the claim because the claimant failed to commence the suit within 12 months next after inception of the loss since plaintiff's complaint shows clearly it was filed on July 3, 1978, and served on July 5, 1978, and clearly alleges the loss occurred on June 15,

1977, thereby barring plaintiff's claim. The trial court granted the motion to dismiss, and plaintiff appeals. *Held:*

Numerous decisions of the appellate courts have held that a provision in the policy of insurance that no action on the policy would be maintainable "unless commenced within 12 months next after inception of the loss," is a valid limitation of the time within which suit must be brought and would bar an action brought after expiration of that time. See *Melson v. Phenix Ins. Co. of Brooklyn,* 97 Ga. 722 (25 SE 189); *Metropolitan Life Ins. Co. v. Caudle,* 122 Ga. 608 (50 SE 337); *McDaniel v. German American Ins. Co.,* 134 Ga. 189 (1) (67 SE 668); *Yates v. Cotton States Mut. Ins. Co.,* 114 Ga. App. 360 (151 SE2d 523).

Plaintiff contends that the clause "inception of the loss" is ambiguous and has never been construed by the appellate courts. However, the last case cited *(Yates)* refutes this inasmuch as the language there was the exact same as here. Also, in other contracts interpreted by the appellate courts, the words "happening of the loss" and "after the loss should occur," have been used and determined adversely to plaintiff's contention. The dictionary meaning of inception is the beginning. We do not find the language ambiguous, and the cases cited have authorized a shorter period in the contract than that allowed by statute. Plaintiff also contends that the language refers to the time when the loss was denied by the insurer and not to the time when the loss occurred. To this we cannot agree. It is quite clear the language is referring to the actual loss to the insured.

In the recent case of *Queen Tufting Co. v. Fireman's Fund Ins. Co.,* 239 Ga. 843 (239 SE2d 27), in which the Supreme Court reversed this court in *Queen Tufting Co. v. Fireman's Fund Ins. Co.,* 141 Ga. App. 792 (234 SE2d 354), it appears at page 844 that under the facts of that case the Supreme Court determined that the six-year statute of limitations (Code § 3-705) would control. In *Queen Tufting Co. v. Fireman's Fund Ins. Co.,* 239 Ga. 843, supra, the insurance policy provided: "No suit or action on this policy for the recovery of any claim shall be sustainable in any Court of law or equity unless. . . commenced within twelve (12) months next after the

happening of the loss, *unless a longer period of time is provided by applicable statute."* (Emphasis supplied.) It is clear in that case that the Supreme Court was not setting forth that a contractual period limiting the right to sue to a shorter period than that allowed by statute would be unlawful, but merely showing that, in that case, the contract limitation referred to a 12-month limitation, "after the happening of the loss, *unless a longer period of time is provided by applicable statute."* (Emphasis supplied.) The statute does so provide for a period of six years which controlled in the *Queen Tufting* case. Under the language of the policy in the present appeal the contractual limitation controls.

The trial court did not err in dismissing plaintiff's complaint.

*Judgment affirmed. Deen, C. J., and Shulman, J., concur.*

SUBMITTED FEBRUARY 13, 1979 — DECIDED APRIL 9, 1979.

*Sanders, Mottola, Haugen, Goodson & Odum, Asa Mitchell Powell, Jr.,* for appellant.

*Beck, Goddard, Owen & Murray, Samuel A. Murray,* for appellee.