## 61911. EMPIRE FIRE & MARINE INSURANCE COMPANY v. JACKSON.

SOGNIER, Judge.

Orin B. Jackson sued Empire Fire and Marine Insurance Company (Empire) on an insurance policy issued to Jackson covering theft loss of his truck. Empire's motion for summary judgment was denied and we granted this interlocutory appeal.

Appellant contends that the trial court erred by denying its motion for summary judgment because the insurance policy on which the suit is based is void and unenforceable under the provisions of Code Ann. § 56-2409. Appellant bases this contention on an alleged misrepresentation by Jackson in his application for insurance. Empire contends the alleged misrepresentation was material to their acceptance of the risk of insuring Jackson's truck.

The application for insurance, dated December 21, 1978, is entitled "Commercial Motor Vehicle Application, Liability and Physical Damage Insurance." Orin B. Jackson is listed as legal owner of the applicant/business, "Orin B. Jackson Trucking." The applicant is listed as an "individual" in the business of "trucking for hire," hauling refrigerated transport. The "TOTAL NUMBER OF VEHICLES OWNED AND/OR OPERATED BY THE APPLICANT" is one truck. Questions 10 and 13 of the application are as follows: "10. LIABILITY — LOSS EXPERIENCE — PAST THREE YEARS (Include present carrier)" and "13. PHYSICAL DAMAGE — LOSS EXPERIENCE [including theft] — PAST THREE YEARS (Include present carrier)." No direct reference is made in these two questions to a commercial vehicle; however, the title of the document and other questions on the application form refer to the commercial nature of the application. Jackson answered Question 13 indicating that the applicant had experienced no physical loss, including theft, in the three years prior to the application.

Appellant claims that Jackson misrepresented that he had suffered no loss by theft of a vehicle within three years of the application. Jackson admitted that in May 1978 he made a claim on an insurance policy for the theft loss of a personal car, title to which was in his wife's name, Delores Jackson. Jackson also admitted that his wife's automobile was insured under a family insurance policy issued in his name. A representative of the company insuring Mrs. Jackson's car stated in an affidavit that "It was, of course, recognized that the automobile stolen was the automobile of Delores B. Jackson, as an additional insured, as evidenced by the Title Certificate and by the 'Bill of Sale — Automobile' signed by Delores B. Jackson."

Appellant cites *United Family Life Ins. Co. v. Shirley,* 242 Ga. 235, 236 (248 SE2d 635) (1978) for the proposition that a material misrepresentation on an application for insurance prevents recovery on the policy even though the insured acted in good faith in making the misrepresentations. Appellant's reliance on *Shirley* is misplaced, because in our opinion this case does not involve a material misrepresentation by the insured on the policy application.

The application form, including the title, refers to insurance for a commercial vehicle, and makes no reference to other vehicles owned or insured by the applicant or owner of the business for his or his family's personal use. "[U]nless the insurance company establishes that the insured knew about the purported material factor in assessing the risk or unless it is *contained in the application* then we find no basis for disclosure." (Emphasis supplied.) *Ga. Farm &c. Co. v. First Fed. &c. Assn.,* 152 Ga. App. 16, 18 (262 SE2d 147) (1979).

Even if the application could be considered ambiguous with regard to the type of loss disclosure required, the insured was entitled to interpret the question as referring to a commercial loss in his trucking business. " 'Where a provision in a policy is susceptible to two or more constructions, the courts will adopt that construction which is most favorable to the insured. (Cit.)' " *Greer v. IDS Life Ins. Co.,* 149 Ga. App. 61, 63 (253 SE2d 408) (1979). This rule has been held applicable to "questions and answers or other statements, in the application, of doubtful meaning." 44 CJS § 297 p. 1183, fn 79; 13A Appleman, Insurance Law and Practice (1976) § 7585; Northwestern Nat. Life Ins. Co. v. Nalbant, 119 F2d 725 (6th Cir., 1941); New York Life Ins. Co. v. Calhoun, 97 F2d 896 (8th Cir., 1938); Govt. Emp. Ins. Co. v. Cain, 226 FSupp. 589 (D.C.Md., 1964). "[T]he question posed in an application must be evaluated in the light of the meaning conveyed to the insured . . ." *Fidelity Bankers Life Ins. Co. v. Renew,* 121 Ga. App. 883, 885 (176 SE2d 103) (1970); *Hicks v. American Interstate Ins. Co.,* 158 Ga. App. 220, 223 (279 SE2d 517) (1981).

Finally, in the instant case the prior theft loss was not one suffered by Jackson himself, but by his wife as title holder of the stolen car. Thus, Empire has failed to show either as a matter of law or fact that it is entitled to summary judgment because of an alleged misrepresentation in appellee's application for insurance.

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 17, 1981.

*Robert C. Semler, David F. Root,* for appellant.
*Thomas D. Pye III, Durwood T. Pye,* for appellee.