69439. DESAI et al. v. SAFECO INSURANCE COMPANY OF AMERICA.
(328 SE2d 376)

BIRDSONG, Presiding Judge.

Contractual Limitation in Insurance Contract. The Desai brothers were the owners and operators of a sandwich shop. They carried a policy of insurance with Safeco Insurance Co. On August 2, 1982, the premises were destroyed by fire. The Desai brothers filed a claim against their insurer for the fire loss. Safeco ultimately denied coverage ostensibly on the ground that the fire loss was wrongfully induced as a result of an act of arson. While there is no evidence in the record, there is apparent agreement between the parties that for an interval of time Safeco bargained with the Desai brothers with a view toward a settlement of the claim, but Safeco was not willing to settle in the amount claimed. The brothers declined any offer for settlement in an amount less than the full amount of the covered loss. Because of their inability to come to a mutual agreement, the Desai brothers filed suit against Safeco on August 2, 1983, a Monday.

After the Desai brothers had presented their evidence at the trial of the issues, Safeco moved to dismiss the complaint because the suit had not been filed within the contractually demanded period of one

year. The trial court granted the motion to dismiss. It is this action by the trial court that forms the basis of this appeal. *Held*:

The appeal is laid in several areas. The Desai brothers contend that there are conflicting provisions of the insurance contract, with one provision calling for the filing of suit within two years and another within a year. Appellants contend the ambiguity must be resolved against the preparer of the contract, Safeco. See *Greer v. IDS Life Ins. Co.*, 149 Ga. App. 61, 63 (253 SE2d 408).

It is clear from the face of the contract that there is no ambiguity which could affect the ruling of the trial court. Section I of the contract of insurance deals with the standard property coverages, perils and exclusions, and deductibles. Section III of the policy deals with optional coverages (specifically crime). These are followed by general conditions, conditions applicable to property coverage (Section I), and conditions applicable to Section III (an optional coverage dealing with losses resulting from crime). Paragraph 12 under the exclusions and conditions pertaining to Section I provides that no suit can be brought for property damage under the contract unless suit is brought within one year after the loss occurs. Under Section III dealing with losses due from crime, the policy precludes claim liability prior to 90 days after filing of proof of loss and not later than two years after the discovery of loss caused by criminal acts.

Inasmuch as the policy is clear in its language and that language requires filing within one year for losses such as those incurred in the fire and two years for losses incurred from criminal acts (but excluding such acts by the insured), there is no ambiguity in the policy to interpret against the insurer. See *State Farm Mut. Auto. Ins. Co. v. Sewell*, 223 Ga. 31 (153 SE2d 432); *Boyes v. Continental Ins. Co.*, 139 Ga. App. 609, 610 (229 SE2d 75).

Appellants also contend that because the expiration of the one-year limitation fell on a Sunday, they had the right to file the next working day, i.e., August 2, 1983, one day beyond the contractual period of one year. See OCGA § 1-3-1 (d) (3).

Appellants misconceive the applicable law. There is no question that contractual limitations are valid and will be enforced by the courts. *Herring v. Middle Ga. Mut. Ins. Co.*, 149 Ga. App. 585, 586 (254 SE2d 904). In contrast to a contractual limitation, OCGA § 1-3-1 (d) (3) deals with statutory limitation. Logically one who is forced to comply with a statutory limitation has no discretion and does not necessarily voluntarily submit to such a limitation. Thus where a final day falls on a holiday or a weekend, the filing by statute has been extended to the first working day following. See *Warrick v. Mid-State Homes*, 139 Ga. App. 301 (228 SE2d 234). From its early days, this court has distinguished between statutory limitations and voluntarily accepted contractual limitations. Even though the predecessor of

OCGA § 1-3-1 (d) (3) (Code Ann. § 102-102 (8)) provided that if the last day fell on a Saturday or Sunday, filing effectively may be made on the following Monday (excepting where the limitation is expressed in days and not months or years, a situation not present in the instant case) this limitation is a statutory limitation (i.e., arises out of the statute) and has no effect upon voluntarily accepted contractual limitations. *Allstate Ins. Co. v. Stephens*, 239 Ga. 717, 719 (238 SE2d 382); *Phillips v. Fireman's Fund Ins. Co.*, 31 Ga. App. 541, 542 (121 SE 255). In *Allstate*, our Supreme Court held that when the loss occurred on December 1, 1974, a Sunday, the last day to file was Sunday, November 30, 1975. A suit filed on Monday, December 1, 1975, was not timely and barred. Thus there is no question the trial court was authorized to dismiss the complaint as being barred if no other impediment existed.

Desai, however, further contends the bar of the contractual limitations was not specifically pleaded in Safeco's answer, thus Safeco should not have been allowed to raise such a defense during the actual trial of the issues. The simple answer to this contention is that this defense is not one of those affirmative defenses listed in OCGA § 9-11-8 (a) which requires the listed defenses to be pled separately. See *Wright Assoc. v. Rieder*, 247 Ga. 496 (277 SE2d 41). Though the *statute of limitations* is one of the affirmative defenses to be specially plead, this does not include a breach of a contractual agreement. Moreover, Safeco's answer did aver that the Desais had not complied with the terms of the contract. Having been possessed of the actual policy long before the filing of the suit, appellants are charged with notice of the contents of the contract. *S & A Corp. v. Berger & Co.*, 111 Ga. App. 39, 40 (140 SE2d 509).

Lastly, appellants contend that Safeco is estopped to plead the one-year limitation contained in the policy. Appellants contend that Safeco was negotiating possible settlement of the policy and thus caused the Desai brothers to delay the ultimate filing of the complaint.

In the first instance, the record is devoid of any evidence that the parties were engaged in settlement agreement or negotiating independent of the briefs of counsel. This court is a court for correction of errors and its decision must be made on the record sent to this court by the clerk of the court below and not upon the briefs of counsel. *Jenkins v. Bd. of Zoning Appeals*, 122 Ga. App. 412 (2) (177 SE2d 204). Secondly, even assuming that the parties were engaged in settlement negotiations, it is also apparent that any offer to settle by Safeco was in an amount less than the total claim advanced by appellants, and that the brothers wholly repudiated and refused such an offer. The Desai brothers were aware before the period of a year had elapsed that if they intended to pursue their whole claim, they would

have to file suit. This they did not accomplish until a day beyond the period established by contract.

It is clear that though parties engage in negotiations looking toward a possible settlement of a loss or claim, this does not constitute a waiver of any provisions of an insurance policy or the right of the insurer to assert that provision. OCGA § 33-24-40. See *Carpenters Local Union No. 1977 v. Gen. Ins. Co. of America*, 167 Ga. App. 299 (306 SE2d 383); *Johnson v. Ga. Farm Bureau Mut. Ins. Co.*, 141 Ga. App. 859 (234 SE2d 693). Mere negotiation for possible settlement unsuccessfully accomplished is not that type of conduct designed to lull the claimant into a false sense of security so as to constitute an estoppel by conduct thus precluding an assertion of that defense by the insured. *Aiken v. Northwestern Mut. Ins. Co.*, 106 Ga. App. 220 (126 SE2d 630). There is no showing in this record of any affirmative statement or other act of Safeco that would lead appellants to believe that Safeco intended to or would waive the contractual limitation. *Johnson*, supra. We are satisfied that the trial court did not err in directing a verdict in favor of Safeco.

*Judgment affirmed. Carley and Beasley, JJ., concur specially.*

DECIDED FEBRUARY 25, 1985 —
REHEARING DENIED MARCH 13, 1985 — 

*Gerald W. Fudge*, for appellants.
*Steven J. Kyle, Burton L. Tillman, Jr.*, for appellee.

CARLEY, Judge, concurring specially.

I concur in the judgment of the majority opinion solely because *Allstate Ins. Co. v. Stephens*, 239 Ga. 717 (238 SE2d 382) (1977) is controlling and dispositive and we are bound to follow that decision of our Supreme Court.

BEASLEY, Judge, concurring specially.

The policy provides: "No suit shall be brought on this policy unless the insured has complied with all policy provisions and has commenced the suit within one year after the loss occurs." The loss occurred on August 2, assuming that some of the loss was not occasioned by its continuing to smolder on August 3.

The period "one year after the loss occurs" could just as logically be construed to mean that the year begins the day following the loss, since the word "after" is used, as it can be construed to mean that the year begins the day of the loss. If the former construction is applied, the year ended on August 2, the day the suit was filed. If the latter construction is applied, the year commenced immediately, on the same day as the fire occurred, and ended the day before the anniver-

sary date of the fire.

As the majority points out, when there is ambiguity, the words must be construed against the drafter, here the insurer. *Greer v. IDS Life Ins. Co.*, 149 Ga. App. 61 (253 SE2d 408) (1979). It is incumbent on the drafter to state the terms clearly. See OCGA § 13-2-2; *Ranger Ins. Co. v. Culberson*, 454 F2d 857 (5th Cir. 1971), cert. denied, 407 U. S. 916 (92 SC 2440, 32 LE2d 691) (1972). If the drafter intended the year to start running the day of the fire, it could have stated "one year, beginning the day of the loss" or words to that effect. But it used the word "after." Construing the language against it, I would hold that the filing of the suit was timely.

However, the language used in this contract was substantially the same as that construed in *Allstate Ins. Co. v. Stephens*, 239 Ga. 717 (238 SE2d 382) (1977) and *Phillips v. Fireman's Fund Ins. Co.*, 31 Ga. App. 541 (121 SE 255) (1923), which decisions I am constrained to follow.

I can find no distinction allowing a different result from the fact that the term "twelve months" was used in those policies whereas the term "one year" is used in Desais'.