**UNIVERSAL UNDERWRITERS INSURANCE COMPANY, Plaintiff,**

v.

**REGIONAL SALES, INC., d/b/a Interstate Ford, Defendant.**

**No. C.A. 93–77–1–MAC (WDO).**

United States District Court, M.D. Georgia, Macon Division.

April 13, 1994.

John V. Burch, Atlanta, GA, for Universal Underwriters Ins. Co.

Rickman P. Brown, Atlanta, GA, for Regional Sales, Inc., d/b/a Interstate Ford.

## ORDER

OWENS, Chief Judge.

Before the court are cross motions for partial summary judgment. After careful consideration of the arguments of counsel, the relevant case law, and the record as a whole, the court issues the following order.

## FACTS

In November 1990, John H. Simmons, president of Interstate Ford in Forsyth, Georgia, applied to Universal Underwriters Insurance Company ("Universal") on behalf Regional Sales, Inc. ("Regional"), d/b/a Interstate Ford, for a policy of insurance. The policy included coverage for losses incurred due to employee dishonesty. The limit under the employee dishonesty portion of the policy was $25,000. In addition, page five of the policy contained a section entitled "AC-TIONS AGAINST US," which provided:

ACTIONS AGAINST US—No INSURED can sue US for any reason, to recover under this policy, unless they have complied with all of its terms.

Suits for LOSS to YOUR property must be made within 12 months from the date YOU discover the LOSS, but no sooner than 90 days after YOU file a sworn proof of LOSS.

On August 19, 1991, Donald Sweeney, a consultant acting on behalf of Regional, contacted Robert Wickersham, an agent for Universal in New Jersey. Sweeney requested an increase in coverage on the employee dishonesty portion of the policy covering Interstate Ford to either $200,000 or $250,000. However, because Wickersham was not authorized to raise the limit for a policy issued in Georgia, Wickersham contacted Universal's Atlanta office. The Atlanta office agreed to handle the matter for Wickersham. A clerk for the Atlanta office then contacted John Simmons about the increase in coverage. John Simmons rejected the increase.

On October 17, 1991, Regional discovered information that prompted it to make a claim under the employee dishonesty portion of its policy with Universal. On November 1, 1991, in response to a request from Regional, Universal mailed Regional the documents necessary to report an employee dishonesty loss. In the letter attached to the documents, Universal wrote:

In acknowledging receipt of your claim and providing the enclosed form, it is not our intention to waive or release any rights or defenses which may be available to this company in this matter, and all such rights and defenses are expressly reserved.

On January 6, 1992, Universal mailed to Regional a blank proof of loss form. In the letter attached to the form, Universal wrote:

Please understand that neither the delivery of a Proof of Loss form, nor the rendering of assistance by representative of Universal Underwriters Group in the investigation of the alleged loss is a waiver of this carrier's rights or defenses, neither is it an admission of liability.

On March 2, 1992, in a letter acknowledging receipt of Regional's proof of loss form, Universal notified Regional that certain problems existed with Regional's com-

pleted proof of loss form. In addition to noting the problems with the form, Universal wrote:

> We further expressly reserve all our rights and defenses in connection with the ascertainment as to the value and loss, if any, and we do not in any way, by acknowledging the receipt of this Proof of Loss, waive any of the rights and defenses which Universal Underwriters Group possesses under [the] policy[.]

Universal denied Regional's claim on September 9, 1992. In the letter notifying Regional of the denial, Universal wrote:

> In stating the reasons [for denial of the claim] listed above, we do not intend to waive or release any other rights or defenses which may be applicable to the claim, whether or not stated above. All such rights and defenses are expressly reserved.

On December 14, 1992, Universal agreed to review additional information submitted by Regional. In the letter notifying Regional of Universal's agreement to review the information, Universal wrote:

> Please understand that our decision to continue to investigate this claim is not a waiver of our rights or defenses in this matter, nor is it an admission of liability.

Universal denied Regional's claim for the second time on March 2, 1993. On March 5, 1993, Universal filed a declaratory judgment action in this court. Universal seeks a declaration that (1) the policy limit for employee dishonesty coverage is $25,000, (2) that Regional failed to comply with the terms of the policy, and (3) that Regional is indebted to Universal for unpaid premiums in excess of $16,000. On May 21, 1993, Regional answered Universal's complaint and asserted a counterclaim against Universal for breach of contract. Subsequently, both parties moved for partial summary judgment.[1]

### DISCUSSION

■ The threshold issue before the court is whether the policy's twelve-month limitation clause bars defendant's counterclaim against plaintiff. Georgia courts have long recognized that "a limitation of action clause such as the one at issue here is valid and enforceable.". *Giles v. Nationwide Mutual Fire Insurance Co.*, 199 Ga.App. 483, 485, 405 S.E.2d 112, 114 (1991); *see also Desai v. Safeco Insurance Co.*, 173 Ga.App. 815, 816, 328 S.E.2d 376, 378 (1985); *Johnson v. Georgia Farm Bureau*, 141 Ga.App. 859, 860, 234 S.E.2d 693, 694 (1977). On its face, therefore, the limitation clause appears to bar defendant's claim. Defendant clearly did not bring suit for loss to its property within twelve months after discovery of the loss. Defendant contends, however, that plaintiff waived its right to assert the limitation clause by entering into negotiations with defendant.

■ " 'It is a universal rule that, where the insurer, by its acts in negotiating for a settlement, has led the policyholder to believe that he will be paid without suit, the insurer cannot take advantage of a provision in the policy which requires the action to be brought in a certain time.' " *Nee v. State Farm Fire & Casualty Co.*, 142 Ga.App. 744, 746, 236 S.E.2d 880, 882 (1977); *see also Georgia Farm Bureau v. Nolan*, 180 Ga.App. 28, 348 S.E.2d 554 (1986). However,

> [i]t is clear that though parties engage in negotiations looking toward a possible settlement of a loss or claim, this does not constitute a waiver of any provision of an insurance policy or the right of the insurer to assert that provision. Mere negotiation for possible settlement unsuccessfully accomplished is not the type of conduct designed to lull the claimant into a false sense of security so as to constitute an estoppel by conduct thus precluding an assertion of that defense by the insured.

*Desai*, 173 Ga.App. at 818, 328 S.E.2d at 379 (citations omitted). In order to find that an insurer has waived its right to assert a limitations clause, the record must reflect an "affirmative statement or other act of [the insurer] that would [have] lead [the insured] to believe that [the insurer] intended to or would waive the contractual limitation." *Id.* Further, when an insurer "explicitly state[s] ... that no contractual provisions [are]

---

1. Universal, however, did not move for summary judgment on the issue of unpaid premiums.

waived[,] ... [t]he parties['] ... settlement negotiations [are] explicitly conditioned on the policy terms." *Shelter America Corp. v. Georgia Farm Bureau,* 209 Ga.App. 258, 433 S.E.2d 140, 142 (1993). In the case *sub judice,* the record "is lacking in evidence of any affirmative promise, statement or other act of the [insurer] or any evidence of actual or constructive fraud [that would] lead the [insured] into believing that the [insurer] intended to enlarge on the limitation period contained in the contract as to the time in which plaintiff had to file suit." *Johnson,* 141 Ga.App. at 861, 234 S.E.2d at 694. In every correspondence with defendant, plaintiff unambiguously reserved its rights under the policy. In addition, a review of the correspondence between plaintiff and defendant clearly indicates that plaintiff refused to acknowledge liability on its part for any claim. At no point did plaintiff indicate, directly or indirectly, that it intended to waive the limitation clause contained in the policy. Accordingly, plaintiff's motion for partial summary judgment is **GRANTED** on the issue that defendant's claim is barred by the limitation clause contained in the policy.

### CONCLUSION

As defendant is now barred from bringing any action against plaintiff for liability under the policy, the remaining issues raised in plaintiff's motion for partial summary judgment are rendered moot. Therefore, plaintiff's motion for partial summary judgment on the issue that defendant's claim is time-barred is **GRANTED.** Further, because this holding bars consideration of the issues raised by defendant in its motion for partial summary judgment, defendant's motion for partial summary judgment is **DENIED.**

**SO ORDERED.**

